Anthony Mark SEWELL, Appellant,

v.

STATE of Indiana, Appellee.

No. 73A01–1005–CR–194.

Court of Appeals of Indiana.

Dec. 29, 2010.

Andrew M. Eads, Lux & Lux, P.A., Shelbyville, IN, Attorney for Appellant.

Gregory F. Zoeller, Attorney General of Indiana, Michael Gene Worden, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

MATHIAS, Judge.

Anthony Mark Sewell ("Sewell") was convicted in Shelby Superior Court of Class A misdemeanor battery and Class B misdemeanor criminal mischief. Sewell appeals and argues that the State failed to present sufficient evidence to support his convictions. The State cross-appeals and argues that this appeal should be dismissed because Sewell's notice of appeal was untimely filed. Concluding that this court lacks subject matter jurisdiction due to Sewell's failure to timely file a notice of appeal, we dismiss.

### Facts and Procedural History

At the conclusion of a bench trial on October 19, 2009, Sewell was found guilty of and sentenced for Class A misdemeanor battery and Class B misdemeanor criminal mischief. On November 17, 2009, the trial court received a handwritten letter from Sewell requesting an appeal and notifying the court that he "may need" appointed appellate counsel. Appellant's App.[1] On December 21, 2009, the trial court appointed appellate counsel for Sewell and granted him additional time to file a notice of appeal. Sewell's appointed appellate counsel filed a notice of appeal on January 5, 2009, nearly fifty days after Sewell's conviction. This appeal ensued.

### Discussion and Decision

On cross-appeal, the State argues that this appeal must be dismissed because Sewell failed to timely file a notice of appeal. Indiana Appellate Rule 9(A)(1) provides that "[a] party initiates an appeal by filing a Notice of Appeal with the trial court clerk within thirty (30) days after the entry of a Final Judgment." The timely filing of a notice of appeal is a jurisdictional prerequisite, and failure to conform to the applicable time limits results in forfeiture of an appeal. *State v. Hunter,* 904 N.E.2d 371, 373 (Ind.Ct.App.2009); App. R. 9(A)(5).

The record clearly shows that Sewell's letter to the trial court requesting an appeal was received within the thirty-day time limit imposed by Appellate Rule 9. However, the letter did not comply with the content requirements for a notice of appeal. Specifically, the letter did not: (1) specify whether the appealed judgment was a final judgment or an interlocutory order, (2) designate the court to which appeal was sought, (3) direct the trial court clerk to assemble the record, or (4) contain a request for a transcript. *See* App. R. 9(F). These significant, substantive deficiencies preclude us from concluding that

---

1. We note that the pages of the Appellant's Appendix are not numbered, in contravention of Indiana Appellate Rule 51(C), which provides that "[a]ll pages of the Appendix shall be numbered at the bottom consecutively, without obscuring the Transcript page numbers, regardless of the number of volumes the Appendix requires."

Sewell's letter to the trial court was sufficient to preserve his right to appeal.

Moreover, although the trial court purported to grant Sewell additional time to file a notice of appeal, no provision of the appellate rules permits trial courts to expand the time limit prescribed by Appellate Rule 9. Because the trial court lacked jurisdiction to grant Sewell additional time to file his notice of appeal, the January 5, 2009 notice of appeal filed by Sewell's appellate counsel was untimely. While Sewell's conduct may qualify him to file a petition for permission to file a belated notice of appeal under Post–Conviction Rule 2, his handwritten letter to the court received November 17, 2009 is insufficient to preserve his timely right of appeal under Appellate Rule 9. We therefore dismiss this appeal for lack of subject matter jurisdiction.

Dismissed.

BAKER, C.J., and NAJAM, J., concur.