Thomas J. TARRANCE, Appellant–
Defendant,

v.

STATE of Indiana, Appellee–Defendant.

No. 60A01–1010–CR–570.

Court of Appeals of Indiana.

April 29, 2011.

Kimberly A. Jackson, Indianapolis, IN, Attorney for Appellant.

Gregory F. Zoeller, Attorney General of Indiana, Wade James Hornbacher, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

MATHIAS, Judge.

Thomas J. Tarrance ("Tarrance") pleaded guilty in Owen Circuit Court to Class B felony robbery while armed with a deadly weapon and was sentenced to twenty years with six years suspended to probation. Tarrance appeals and argues that the trial court committed various errors in sentencing him. Concluding that Tarrance did not timely file a notice of appeal, we dismiss for lack of subject matter jurisdiction.

### Facts and Procedural History

On November 25, 2009, Tarrance and an accomplice robbed a general store in Owen County. On December 1, 2009, the State charged Tarrance with Class B felony robbery while armed with a deadly weapon. On August 31, 2010, Tarrance pleaded guilty pursuant to a plea agreement which capped the executed portion of his sentence at fifteen years. On September 17, 2010, the trial court held a sentencing hearing and sentenced Tarrance to twenty years, with fourteen years executed and six years suspended to probation. The trial court's sentencing order was entered on September 22, 2010.

On October 15, 2010, Tarrance wrote a handwritten *pro se* note to the trial court which read:

60C01–0912–FB627

To whom this may concern,

My name is Thomas J. Tarrance. I wish to appeal my sentence. Please appoint an attorney to represent me.

Thank you,

Thomas J. Tarrance

Appellant's App. p. 1.

The trial court noted receiving this letter in its chronological case summary and referred Tarrance to the office of the State Public Defender. The State Public Defender accepted appointment as Tarrance's counsel on October 26, 2010. On October 28, 2010, Tarrance's appointed counsel filed an "Amended Notice of Appeal," claiming that Tarrance's *pro se* letter of October 15 was the initial notice of appeal. This appeal ensued.

### Discussion and Decision

■■■ Neither party raises the issue of the timeliness of Tarrance's notice of appeal in their briefs.[1] Nevertheless, the timely filing of a notice of appeal is a jurisdictional prerequisite that can be raised *sua sponte* even if the parties do not question jurisdiction. *Jernigan v. State*, 894 N.E.2d 1044, 1046 (Ind.Ct.App.2008); *Bohlander v. Bohlander*, 875 N.E.2d 299, 301 (Ind.Ct.App.2007), *trans. denied* (citing *Georgos v. Jackson*, 790 N.E.2d 448, 451 (Ind.2003)). Thus, subject matter jurisdiction cannot be waived, and courts at all levels are obligated to consider the issue *sua sponte*. *Jernigan*, 894 N.E.2d at 1046.

■■■ Indiana Appellate Rule 9(A)(1) provides that "[a] party initiates an appeal by filing a Notice of Appeal with the trial court clerk within thirty (30) days after the entry of a Final Judgment." "The timely filing of a notice of appeal is a jurisdictional prerequisite, and failure to conform to the applicable time limits results in forfeiture of an appeal." *Sewell v. State*, 939 N.E.2d 686, 686 (Ind.Ct.App.2010) (citing *State v. Hunter*, 904 N.E.2d 371, 373 (Ind. Ct.App.2009); App. R. 9(A)(5)).

Here, Tarrance's *pro se* letter to the trial court was filed within thirty days of the entry of the sentencing order he now challenges. But the amended notice of appeal filed by his counsel was not filed until October 28, 2010, i.e. thirty-six days after the final judgment was entered.

A similar situation was before us in *Sewell*, *supra*. In that case, the defendant wrote a *pro se* letter to the trial court requesting an appeal and informing the court that he "may need" appointed counsel. *Id.* This letter was received within the thirty-day time limit imposed by Appellate Rule 9. *Id.* The trial court appointed counsel and granted Sewell additional time to file his notice of appeal. *Id.* Sewell's appointed counsel then filed a formal notice of appeal almost fifty days after the final judgment. *Id.*

---

1. Tarrance did file a motion with this court on January 10, 2011, requesting that we either remand so that he could file a petition for permission to file a belated notice of appeal or accept his appellant's brief as timely filed. Tarrance, citing our opinion in *Sewell v. State*, 939 N.E.2d 686 (Ind.Ct.App.2010), recognized the questionable timeliness of his notice of appeal and asked that we remand to the trial court so that he could seek permission to file a belated notice of appeal. We instead ordered that Tarrance's appellant's brief be marked as timely filed. Even if our order could be viewed as a ruling on the question of the timeliness of Tarrance's notice of appeal, "we have inherent authority to reconsider any decision while an appeal remains *in fieri*." *In re Estate of Eguia*, 917 N.E.2d 166, 169 (Ind.Ct.App.2009). As explained *infra*, we agree that this case is controlled by the holding in *Sewell*.

On appeal, the State argued that Sewell's notice of appeal was untimely. *Id.* We agreed, concluding that Sewell's *pro se* letter could not be considered a proper notice of appeal because it failed to comply with the requirements for a notice of appeal. *Id.* Specifically, Sewell's letter did not: "(1) specify whether the appealed judgment was a final judgment or an interlocutory order, (2) designate the court to which appeal was sought, (3) direct the trial court clerk to assemble the record, or (4) contain a request for a transcript." *Id.* (citing App. R. 9(F)). We also concluded that the trial court could not grant Sewell additional time to file his notice of appeal because "no provision of the appellate rules permits trial courts to expand the time limit prescribed by Appellate Rule 9." *Id.* at 687. We therefore dismissed Sewell's appeal, concluding:

> Because the trial court lacked jurisdiction to grant Sewell additional time to file his notice of appeal, the January 5, 2009 notice of appeal filed by Sewell's appellate counsel was untimely. While Sewell's conduct may qualify him to file a petition for permission to file a belated notice of appeal under Post–Conviction Rule 2, his handwritten letter to the court received November 17, 2009 is insufficient to preserve his timely right of appeal under Appellate Rule 9.

*Id.*

The same is true here. Tarrance's *pro se* letter, like Sewell's, did not conform with the content requirements for a notice of appeal. *See* Appellant's App. p. 1. It therefore cannot be considered as a proper notice of appeal. *See Sewell,* 939 N.E.2d at 686. Although Tarrance's counsel subsequently filed an amended notice of appeal which cured these defects, this notice of appeal was not filed until thirty-six days after the entry of the final judgment being challenged. Accordingly, we conclude that

Tarrance did not timely file his notice of appeal, and we are without jurisdiction to consider his appeal.

As in *Sewell,* we recognize that Tarrance's conduct will likely permit him to file a petition for permission to file a belated notice of appeal under Post–Conviction Rule 2. But his handwritten letter to the trial court was insufficient to preserve his right to appeal under Appellate Rule 9. We may not and should not ignore the jurisdictional requirements of Appellate Rule 9 as they exist at present. That Tarrance may be allowed to file a belated notice of appeal does not alter the fact that he did not seek permission to do so here. Because we lack subject matter jurisdiction to consider Tarrance's appeal, we dismiss.

Dismissed.

KIRSCH, J., and VAIDIK, J., concur.