**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED
Mar 16 2012, 9:46 am

CLERK
of the supreme court,
court of appeals and
tax court

APPELLANT PRO SE:

**TERRELL EWELL**
Wabash Valley Correctional Facility
Carlisle, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**STEPHANIE L. ROTHENBERG**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| TERRELL EWELL, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A04-1107-CR-401 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Lisa F. Borges, Judge
Cause No. 49G04-9909-CF-163896

**March 16, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**CRONE, Judge**

## Case Summary

Terrell Ewell appeals the trial court's order denying his motion for jail time credit. Concluding that Ewell did not timely file his notice of appeal, we dismiss this case for lack of subject matter jurisdiction.

## Facts and Procedural History

On November 21, 2000, Ewell was convicted by a jury of murder and class A misdemeanor carrying a handgun without a license. The trial court sentenced Ewell to fifty-five years for murder to be served concurrently with a one-year sentence for carrying a handgun without a license. On the abstract of judgment, the trial court noted that Ewell had been "confined prior to sentencing" for 457 days. Appellant's App. at 16.

Ewell appealed, and we affirmed the trial court in an unpublished memorandum decision on December 14, 2001. Our supreme court denied Ewell's petition to transfer on February 21, 2002. Thereafter, on February 24, 2011, Ewell filed a pro se notice of appeal. We dismissed that appeal with prejudice on June 29, 2011.

On June 8, 2011, Ewell filed a "Petitioner's Request For Order" in which he requested 457 days of jail time credit. On that same date, the trial court issued its order denying Ewell's request which concludes in relevant part:

> Petitioner has requested the trial [c]ourt award him an additional 457 days credit for "earned credit time." The Abstract of Judgment accurately shows Petitioner was provided 457 actual days credit for time spent confined prior to sentencing. The court recommends that DOC award good time credit in accordance with Indiana law. Petitioner asks the court to ignore clear authority to the contrary as the legislature has invested the Department of Correction with the authority to determine, deny, or restore credit time. Simply put, the trial court lacks the statutory authority to award Petitioner the relief he seeks.

2

*Id*. at 11.  The trial court received a notice of appeal from Ewell on July 11, 2011.  On July 14, 2011, the trial court issued an order regarding the notice of appeal which reads as follows:

> Comes now the Court, after reviewing the Petitioner's Notice of Appeal, and the Court's file, now enters the following Order.  Petitioner filed a Notice of Appeal, received by the Court, on July 11, 2011.  Petitioner seeks to appeal the June 8, 2011 Order denying credit time.  The pleading contains language which asserts the Notice was submitted on July 5, 2011, however there is no envelope attached, evidence of mailing, or any other means to determine how the Notice was filed with the Court.  The Court cannot assess the date of filing under the "prison mailbox rule"; *See Dowell v. State*, 922 N.E.2d 605 (Ind. 2010).  Therefore, the Court considers the Notice of Appeal to be untimely filed and directs the Clerk to take no additional action on the Notice of Appeal received July 11, 2011.  In addition, on June 29, 2011, the Indiana Court of Appeals entered an Order dismissing, *with prejudice*, defendant/appellant's appeal regarding this case under Court of Appeals cause number 49A04-1102-CR-82.  Defendant attempts to re-litigate an ongoing dispute he has with the Department of Correction regarding earned credit time.  As this court has repeated [sic] indicated, the trial court does not have jurisdiction to consider earned credit time disputes until a petitioner has demonstrated that he has exhausted all administrative remedies available within the DOC.  The abstract of judgment herein correctly shows the 457 pre-sentence credit days.  The DOC has the statutory authority to deny or restore credit time.  The Indiana Supreme Court, in *Robinson v. State*, 805 N.E.2d 783 (Ind. 20[0]4), adopted a presumption that "[s]entencing judgments that report only days spent in pre-sentence confinement and fail to expressly designate credit time earned shall be understood by courts and by the Department of Correction automatically to award the number of credit time days equal to the number of pre-sentence confinement days."

*Id*. at 14-15.  On August 9, 2011, a notice of completion of the clerk's record was filed, and on October 11, 2011, we granted Ewell's petition to file a belated appellant's brief.

**Discussion and Decision**

3

Although specifically addressed by the trial court, neither party here raises the issue of the timeliness of Ewell's notice of appeal. However, the timely filing of a notice of appeal is a jurisdictional prerequisite that can be raised sua sponte even if the parties do not question jurisdiction. *Tarrance v. State*, 947 N.E.2d 494, 495 (Ind. Ct. App. 2011). Indeed, subject matter jurisdiction cannot be waived, and courts at all levels are obligated to consider the issue sua sponte. *Id.*

A party initiates an appeal "by filing a Notice of Appeal with the trial court clerk within thirty (30) days after the entry of a Final Judgment." Ind. Appellate Rule 9(A)(1).[1] Because the timely filing of a notice of appeal is a jurisdictional prerequisite, the failure to conform to the applicable time limits results in forfeiture of an appeal. *Tarrance*, 947 N.E.2d at 494. Here, the final order Ewell wishes to appeal is the trial court's June 8, 2011, order denying his petition for jail time credit. As noted by the trial court, Ewell's pro se notice of appeal was received by the trial court on July 11, 2011. On the record before us, and absent any proof to the contrary provided by Ewell, we must accept the trial court's determination that Ewell's notice was deemed filed on that date and therefore, was filed outside the thirty-day time limit.[2] *See Dowell v. State*, 922 N.E.2d 605, 608 (Ind. 2010) (prison mailbox rule requires prisoner to provide reasonable, legitimate, and verifiable documentation supporting a claim that a document was timely submitted to prison officials for mailing). Accordingly,

---

[1] Effective January 1, 2012, Indiana Appellate Rule 9(A)(1) has been amended to provide that a party initiates an appeal by filing a notice of appeal with the Clerk of the Indiana Supreme Court, Court of Appeals and Tax Court "within thirty (30) days after the entry of a Final Judgment is noted in the Chronological Case Summary."

[2] The thirtieth day fell on Friday, July 8, 2011.

we conclude that Ewell did not timely file his notice of appeal, and we are without jurisdiction to consider his appeal.[3] Therefore, we dismiss.

Dismissed.

MAY, J., and BROWN, J., concur.

---

[3] We additionally note, as did the trial court, that we dismissed with prejudice Ewell's second appeal in this case under cause number 49A04-1102-CR-82. Although we cannot discern from the record what issue Ewell attempted to raise in that appeal, the trial court indicated that Ewell attempted to raise the issue of his jail time credit. Even if not directly decided by the earlier appeal, the jail time credit issue was available to Ewell. Ewell is therefore precluded from relitigating the issue here in that it is either res judicata or is waived because it was available to be presented as part of his previous appeal that was dismissed with prejudice. *See Harris v. State*, 643 N.E.2d 309, 310 (Ind. 1994) (defendant precluded from relitigating issue of propriety of his sentence as it was either res judicata or waived because it was available to be presented as part of previous appeal); s*ee also Money Store Inv. Corp. v. Summers*, 909 N.E.2d 450, 460 (Ind. Ct. App. 2009) ("[A] dismissal with prejudice is conclusive of the rights of the parties and is res judicata as to any questions that might have been litigated.").