**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**KEVIN T. MCNAMARA**
Law Office of Kevin T. McNamara, LLC
Saint John, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**MICHAEL GENE WORDEN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| ESTEBAN GONZALEZ, | ) | |
| | ) | |
| Appellant/Cross-Appellee--Defendant, | ) | |
| | ) | |
| vs. | ) | No. 79A02-1303-CR-279 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee/Cross-Appellant--Plaintiff. | ) | |

APPEAL FROM THE TIPPACANOE CIRCUIT COURT
The Honorable Donald L. Daniel, Judge
Cause No. 79C01-1205-FC-13
Cause No. 79C01-0505-FB-11

**December 26, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BAILEY, Judge**

**Case Summary**

Esteban Gonzalez ("Gonzalez") appeals his ten-year aggregate sentence for Operating a Motor Vehicle While Privileges are Forfeited for Life, as a Class C felony,[1] and Operating a Vehicle While Intoxicated, as a Class A misdemeanor;[2] the sentence was enhanced due to his status as an Habitual Substance Offender.[3] He also appeals an order in a separate cause reinstating four of nine previously-suspended years of an eighteen-year sentence as a result of a probation violation.

We affirm.

**Issues**

Gonzalez presents one issue for our review, which we revise and restate as the following two issues:

    I.      Whether Gonzalez's sentence is inappropriate; and

    II.     Whether the trial court abused its discretion when it imposed sanctions following the revocation of his probation.

The State presents one issue on cross-appeal:

---

[1] Ind. Code § 9-30-10-17 (2012). The relevant code section was modified, effective July 1, 2013. We apply the version in force at the time of the commission of the offenses.

[2] I.C. § 9-30-5-2.

[3] I.C. § 35-50-2-10.

I.       Whether Gonzalez preserved his right to appellate review of his sentence and of the order imposing sanctions following the revocation of his probation.

**Facts and Procedural History**

On January 11, 2013, Gonzalez pleaded guilty in cause FC-13 to Operating a Motor Vehicle While Privileges are Forfeited for Life, as a Class C felony, and Operating a Vehicle While Intoxicated, as a Class A misdemeanor; he also admitted to being an Habitual Substance Offender. The same day, Gonzalez admitted that he had violated his probation in cause FB-11.

On February 8, 2013, the trial court entered judgments of conviction in cause FC-13, and found Gonzalez to be an Habitual Substance Offender. The court sentenced Gonzalez to six years imprisonment for Operating a Motor Vehicle While Privileges are Forfeited for Life, as a Class C felony, and one year imprisonment for Operating a Vehicle While Intoxicated, as a Class A misdemeanor. The court imposed a five-year sentence enhancement due to Gonzalez's status as an Habitual Substance Offender, and suspended two years of the resulting twelve-year sentence to probation, yielding a ten-year aggregate sentence.

The same day, the trial court revoked Gonzalez's probation in cause FB-11, and reinstated four of nine previously-suspended years of an eighteen-year sentence for

Possession of Cocaine, as a Class B felony,[4] increased because of a separate Habitual Substance Offender enhancement.

On March 5, 2013, Gonzalez, pro se, filed a "Motion to File an Appeal for Sentencing" in both causes. The trial court found that Gonzalez's motions did not meet the requirements for a Notice of Appeal, and noted that Motions to Correct Error had not been filed. The court also purportedly extended the deadline by which Gonzalez could file a Notice of Appeal in both causes to April 5, 2013.

On March 19, 2013, Gonzalez, by counsel, filed a Notice of Appeal in cause FC-13.[5] And on May 8, 2013, Gonzalez filed a motion to consolidate causes FC-13 and FB-11 for purposes of appeal, which this court granted.

**Discussion and Decision**

Timeliness of Notice of Appeal

We first address the threshold issue of whether Gonzalez preserved his right to appellate review. The State contends that Gonzalez failed to file a timely Notice of Appeal.

"Unless [a] Notice of Appeal is timely filed, the right to appeal shall be forfeited[.]" Ind. Appellate Rule 9(A)(5). "A party initiates an appeal by filing a Notice of Appeal with the Clerk (as defined in Rule 2(D)) within thirty (30) days after the entry of a Final Judgment is noted in the Chronological Case Summary." App. R. 9(A)(1). And, until January 1, 2014, "if an appellant timely files the Notice of Appeal with the trial court clerk . . . instead of the

___

[4] I.C. § 35-48-4-6 (2005).

[5] Gonzalez filed with the trial court a purported Notice of Appeal in cause FB-11 on March 23, 2013. However, the trial court, noting that it was unable to determine what action Gonzalez requested in his Notice of Appeal, took no action.

4

Clerk [of the Indiana Supreme Court, Court of Appeals and Tax Court,] as required by App. R. 9(A)(1), the Notice of Appeal will be deemed timely filed and the appeal will not be forfeited." App. R. 9(A).

"The [Supreme Court and the Court of Appeals] may, upon the motion of a party or the Court's own motion, permit deviation from these Rules." App. R. 1. But, a trial court has no authority to extend the deadline by which a Notice of Appeal must be filed. Tarrance v. State, 947 N.E.2d 494, 496 (Ind. Ct. App. 2011) (citing Sewell v. State, 939 N.E.2d 686, 687 (Ind. Ct. App. 2010)).

On March 5, 2013, Gonzalez filed motions indicating his desire to appeal the sentencing order and the order imposing sanctions following the revocation of his probation. The trial court found that the March 5 motions were defective as notices of appeal. The State contends that Gonzalez forfeited his right to pursue the instant appeal, because the timely notices of appeal were found by the trial court to be defective and the compliant notices Gonzalez subsequently filed were untimely.

Yet the State has failed to properly support its appeal because it has not provided copies of either of Gonzalez's motions before the trial court. Some form of notice of an intent to appeal was timely filed; and because this Court, not the trial court, determines whether that notice complied with Appellate Rule 9, we choose to address the merits of Gonzalez's appeal.

A Class C felony carries a sentencing range between two and eight years with an advisory sentence of four years. I.C. § 35-50-2-6. A Class A misdemeanor carries a sentencing range of up to one year. I.C. § 35-50-3-2. Adjudication as an Habitual Substance Offender carries a sentence enhancement of between three and eight years. I.C. § 35-50-2-10(f).[6]

In sentencing Gonzalez, the trial court found as aggravating circumstances his criminal history, his history of illegal drug use, his failure at prior rehabilitation opportunities, and the nature and circumstances of the offenses. The trial court found as mitigating circumstances that Gonzalez took responsibility for his actions by pleading guilty, that he expressed remorse, that his three children were dependent upon him, and his history of employment.

Gonzalez claims that his sentence is inappropriate and asks that we revise it under Appellate Rule 7(B).

The authority granted to this Court by Article 7, § 6 of the Indiana Constitution permitting appellate review and revision of criminal sentences is implemented through Appellate Rule 7(B), which provides: "The Court may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the

---

[6] To the extent Gonzalez argues that modifications to Indiana's criminal sentencing statutes that will take effect on July 1, 2014, provide guidance as to what constitutes an appropriate sentence, we observe that the sentencing statutes in effect at the time of the commission of the offense govern our review. Upton v. State, 904 N.E.2d 700, 702 (Ind. Ct. App. 2009), trans. denied.

offender." Under this rule, and as interpreted by case law, appellate courts may revise sentences after due consideration of the trial court's decision, if the sentence is found to be inappropriate in light of the nature of the offense and the character of the offender. Cardwell v. State, 895 N.E.2d 1219, 1222-25 (Ind. 2008); Serino v. State, 798 N.E.2d 852, 856-57 (Ind. 2003). The principal role of such review is to attempt to leaven the outliers. Cardwell, 895 N.E.2d at 1225.

We turn first to the nature of the offenses. Intoxicated, Gonzalez drove a motor vehicle while his driving privileges were suspended for life. This was sufficient to complete the acts of Operating a Motor Vehicle While Privileges are Forfeited for Life and Operating a Vehicle While Intoxicated. However, during the same course of conduct, Gonzalez collided with another vehicle. Gonzalez's actions thus went beyond the acts of Operating a Motor Vehicle While Privileges are Forfeited for Life and Operating a Vehicle While Intoxicated.

We turn next to the character of the offender. Gonzalez has a criminal record spanning almost three decades, including several convictions in other states for controlled substance offenses, several traffic and alcohol-related convictions in Indiana, and a conviction for Possession of Cocaine. Further, he has been arrested numerous times, and his probation in several cases has been revoked. Gonzalez's behavior indicates that he harbors a general disregard for the law, an unwillingness to conform his behavior to acceptable standards, and an unwillingness to rehabilitate himself.

Therefore, having reviewed the matter, we conclude that the trial court did not impose an inappropriate sentence under Appellate Rule 7(B), and the sentence does not warrant

7

appellate revision. Accordingly, we decline to disturb the sentence imposed by the trial court.

Probation Revocation

Probation is a matter of grace left to trial court discretion, not a right to which a criminal defendant is entitled. Prewitt v. State, 878 N.E.2d 184, 188 (Ind. 2007). The trial court determines the conditions of probation, and if the conditions are violated, the trial court may impose three types of sanction: (1) continue the person on probation with no modifications to the probationary conditions; (2) extend the probationary period; or (3) order execution of all or part of the sentence that was suspended at the time of the initial sentencing. I.C. § 35-38-2-3(h); Prewitt, 878 N.E.2d at 188.

In challenging the trial court's reinstatement of four of nine previously-suspended years of an eighteen-year sentence, Gonzalez argues that the sanction is inappropriate under Appellate Rule 7(B). However, we review sanctions imposed following revocation of probation for an abuse of discretion. Prewitt, 878 N.E.2d at 188. An abuse of discretion occurs where the decision is clearly against the logic and effect of the facts and circumstances. Id.

Gonzalez violated his probation by committing the offenses of Operating a Motor Vehicle While Privileges are Forfeited for Life and Operating a Vehicle While Intoxicated. In addition, Gonzalez has an extensive criminal record and several probation violations, and has displayed an unwillingness to rehabilitate himself. Therefore, we conclude that the trial

court did not abuse its discretion in reinstating four of nine previously-suspended years of Gonzalez's eighteen-year sentence.

## Conclusion

We do not conclude that Gonzalez forfeited his right to appeal. Gonzalez's sentence was not inappropriate, and the trial court did not abuse its discretion in imposing sanctions following the revocation of Gonzalez's probation.

Affirmed.

FRIEDLANDER, J., and KIRSCH, J., concur.