**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Dec 31 2013, 9:03 am

Kevin S. Smith

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**DONALD E.C. LEICHT**
Kokomo, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**CYNTHIA L. PLOUGHE**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| SHAWN L. KEESLING, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 34A02-1305-CR-540 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE HOWARD SUPERIOR COURT
The Honorable Brant J. Parry, Judge
Cause No. 34D02-1101-FB-7

**December 31, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**CRONE, Judge**

**Case Summary**

Shawn L. Keesling appeals his convictions and sentence following a guilty plea. We affirm his convictions and remand for correction of his sentencing order.

**Facts and Procedural History**

On March 8, 2013, Keesling and the State entered into a plea agreement, in which Keesling agreed to plead guilty but mentally ill to three counts of class B felony robbery. The agreement also provided that his sentences for the three convictions would be served concurrently and "consecutive to any other sentence(s) Defendant is *currently* serving." Appellant's App. Vol. II at 37 (emphasis added). On May 7, 2013, the trial court held a plea and sentencing hearing, accepted the parties' plea agreement, and sentenced Keesling to eight years for each conviction to "run CONCURRENTLY, but Consecutively [sic] to any other pending matter the Defendant may be sentenced on in any county." Appellant's App. Vol. I at 14. That same day, the entry of the sentencing order was noted in the chronological case summary.

On May 23, 2013, Keesling, pro se, filed a handwritten document with the trial court titled "Notice to Appeal Sentence" and setting forth the parties, the title of the case, the cause number, the date of filing, the date of his sentencing, and the name of the public defender who represented him for his plea agreement, and requesting a copy of the sentencing order and abstract of judgment. Keesling then obtained counsel. Appellee's App. at 1. On July 15, 2013, Keesling's counsel filed a formal notice of appeal with this Court.

2

**Discussion and Decision**

The State argues that Keesling failed to file a timely notice of appeal. *See*, *e.g.*, *Tarrance v. State*, 947 N.E.2d 494, 495 (Ind. Ct. App. 2011) (stating that timely filing of notice of appeal is jurisdictional prerequisite to appeal). Indiana Appellate Rule 9(A)(1) provides, "A party initiates an appeal by filing a Notice of Appeal with the Clerk within thirty days after the entry of a Final Judgment is noted in the Chronological Case Summary." The State asserts that Keesling's May 23 notice to appeal sentence, although filed within thirty days of the entry of the sentencing order, does not comply with the content requirements of Indiana Appellate Rule 9(F) and therefore was insufficient to initiate an appeal and confer jurisdiction to this Court. We disagree.

Appellate Rule 9(F) provides that a notice of appeal shall include the name and address of the parties, trial information such as the title of the case, case number, and name of trial judge, the date and title of the judgment or order appeal, whether the appeal is from a final judgment or an interlocutory appeal, direction for assembly of the Clerk's record, and a request for a transcript unless the party intends to limit the appeal to an issue requiring no transcript. Keesling's notice to appeal sentence provides the names of the parties, his address, the title of the case, the case number, and the name of the trial court, and indicates that he is appealing his sentence and the date he was sentenced. We know that the appeal is from a final judgment because a sentencing order is a final judgment. Although it does not contain direction for assembly of the Clerk's record or have the sentencing order attached, it requests a copy of the sentencing order and abstract of judgment. Finally, the sentencing

issue before us does not require a transcript. We conclude that Keesling's notice to appeal sentence includes the essentials necessary to initiate an appeal and confer jurisdiction on this Court. *Cf. Tarrance*, 947 N.E2d. at 495 (dismissing appeal of sentencing order where defendant's handwritten note to trial court stated only that he wished to appeal his sentence and asked for appointment of attorney); *Sewell v. State*, 939 N.E.2d 686 (Ind. Ct. App. 2010) (dismissing appeal of a conviction based on insufficient evidence where defendant requested appeal, court appointed him counsel, and court gave counsel additional time to file an appeal but Appellate Rule 9 does not permit an extension of time). Furthermore, the State agrees with Keesling that the sentencing order contains an error that requires correction. Thus, the interests of judicial economy are served by addressing Keesling's sentencing issue on the merits.

Keesling contends that the trial court's sentencing order does not comply with the plea agreement. Plea agreements are contractual in nature, binding the parties and the trial court. *Bennett v. State*, 802 N.E.2d 919, 921 (Ind. 2004). If the court accepts a plea agreement, "it is strictly bound by its sentencing provision and is precluded from imposing any sentence other than required by the plea agreement." *Id*. at 921-22. Here, the plea agreement provides that Keesling's sentence was to run "consecutive to any other sentence(s) Defendant is currently serving." Appellant's App. Vol. II at 37. The sentencing order provides that his sentence is to run "Consecutively [sic] to any other pending matter the Defendant may be sentenced on in any county." Appellant's App. Vol. I at 14. As mentioned, the State agrees that the sentencing order is in need of correction and that remand is necessary. We conclude

4

that the sentencing order does not sentence Keesling according to the terms of the plea agreement. Therefore, we remand for correction of the sentencing order to conform to the terms of the plea agreement.

Keesling also asserts that the trial court improperly convicted him. However, Keesling may not challenge the validity of his convictions on direct appeal. *Collins v. State*, 817 N.E.2d 230, 231 (Ind. 2004). Therefore, we affirm his convictions.

Affirmed and remanded.

BAKER, J., and NAJAM, J., concur.