**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Jan 21 2014, 10:11 am

CLERK
of the supreme court,
court of appeals and
tax court

APPELLANT *PRO SE*:

**CHARLES E. HOWARD**
Pendleton, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**CYNTHIA L. PLOUGHE**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| CHARLES E. HOWARD, | ) |
| | ) |
| Appellant-Defendant, | ) |
| | ) |
| vs. | )     No. 53A01-1304-CR-164 |
| | ) |
| STATE OF INDIANA, | ) |
| | ) |
| Appellee-Plaintiff. | ) |

APPEAL FROM THE MONROE CIRCUIT COURT
The Honorable Mary Ellen Diekhoff, Judge
Cause No. 53C05-0907-FB-582

**January 21, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BRADFORD, Judge**

**CASE SUMMARY**

Appellant-Defendant Charles Howard pled guilty to Class C felony burglary and received an eight-year sentence. Howard filed a motion for jail time credit, which the trial court denied. Howard then filed a motion to correct error, which the trial court dismissed the same day. Forty-eight days later, Howard filed his notice of appeal from the trial court's denial of his motion to correct error. Concluding that Howard's notice of appeal was untimely, thereby denying this court jurisdiction, we dismiss.

**FACTS AND PROCEDURAL HISTORY**

On September 30, 2012, Howard pled guilty to Class C felony burglary and received an eight-year sentence. On January 4, 2013, Howard filed a motion for credit time. On January 23, 2013, the trial court denied Howard's motion for credit time. On February 21, 2013, Howard filed a motion to correct error, which motion the trial court denied the same day. On April 10, 2013, Howard filed his notice of appeal.

**DISCUSSION AND DECISION**

The State contends that Howard's untimely notice of appeal deprives this court of jurisdiction over his appeal, requiring its dismissal. Indiana's appellate rules require that a notice of appeal be filed within thirty days after the entry of final judgment. Ind. Appellate Rule 9(A)(1). In this case, the trial court denied Howard's motion to correct error on February 21, 2013, and his notice of appeal from the denial was not filed until April 10, 2013, forty-eight days later. This court has held repeatedly that the untimely filing of a notice of appeal deprives this court of subject matter jurisdiction over an appeal and subjects it to

dismissal.  *See Tarrance v. State*, 947 N.E.2d 494, 496 (Ind. Ct. App. 2011) (in case where appellant filed untimely notice of appeal, concluding that "[b]ecause we lack subject matter jurisdiction to consider Tarrance's appeal, we dismiss"); *Sewell v. State*, 939 N.E.2d 686 (Ind. Ct. App. 2010) (in case where appellant merely sent handwritten letter to the trial court requesting an appeal, concluding that appeal should be dismissed for lack of subject matter jurisdiction").  Because Howard's notice of appeal was untimely, we must dismiss his appeal for lack of subject matter jurisdiction.

Dismissed.[1]

MATHIAS, J., and PYLE, J., concur.

---

[1] In an order to be issued contemporaneously with this memorandum decision, we deny the State's previously-filed motion to dismiss as moot.