Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED
Feb 28 2014, 10:08 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**LEANNA WEISSMANN**
Lawrenceburg, Indiana

ATTORNEY FOR APPELLEES:

**JAMIE H. HARVEY**
Smith Harvey Law Office
Connersville, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| IN THE MATTER OF THE ADOPTION OF O.R.: | ) | |
| | ) | |
| N.R., | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| vs. | ) | No. 21A01-1307-AD-322 |
| | ) | |
| K.G. and C.G., | ) | |
| | ) | |
| Appellees. | ) | |

APPEAL FROM THE FAYETTE CIRCUIT COURT
The Honorable Eugene A. Stewart, Special Judge
Cause No. 21C01-1207-AD-196

**February 28, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**FRIEDLANDER, Judge**

N.R. appeals from the trial court's order granting the petition of C.G. and K.G. (collectively, Adoptive Parents) to adopt O.R., N.R.'s biological daughter. Concluding that we lack subject matter jurisdiction due to N.R.'s failure to file a timely notice of appeal, we dismiss.

O.R. was born in August 2006 and placed in foster care with Adoptive Parents by the Department of Child Services when she was just four months old. Thereafter, with the exception of approximately one year during which O.R. resided with her biological mother, O.R. has continuously lived with Adoptive Parents. Adoptive Parents were awarded temporary guardianship over O.R. in 2008 and a permanent guardianship was established in 2009. In July 17, 2012, Adoptive Parents filed a petition to adopt O.R., who was by that time six years old. O.R.'s biological mother consented to the adoption, but N.R., who was incarcerated at the time, objected. A hearing was held on March 27, 2013, at which Adoptive Parents and N.R. appeared with counsel. On May 9, 2013, the trial court issued an adoption decree, in which it concluded that N.R.'s consent to the adoption was not required due to his failure to communicate with and provide support for O.R.

On June 6, 2013, N.R. wrote a letter to the trial court requesting the appointment of appellate counsel. On June 19, 2013, N.R.'s trial counsel filed a motion to withdraw, which was granted on July 1, 2013. The trial court entered an order appointing appellate counsel for N.R. on July 3, 2013. Nineteen days later, on July 22, 2013, N.R. filed a Verified Petition to Accept Tendered Amended Notice of Appeal in this court. In the petition, N.R. argued that his pro se letter to the trial court should be deemed a timely notice of appeal because it

substantially complied with the Appellate Rule governing the content of a notice of appeal, and the attached "amended" notice of appeal cured all of the pro se letter's deficiencies. On August 16, 2013, the motions panel of this court issued an order granting N.R.'s Petition to Accept Tendered Amended Notice of Appeal, and this appeal ensued.

At the outset, we note that N.R. acknowledged the timeliness issue presented in this case by filing his Verified Petition to Accept Tendered Amended Notice of Appeal, which the motions panel granted. While we are reluctant to reverse a ruling of the motions panel, we have the inherent authority to reconsider any such decision while the appeal remains *in fieri*. *Miller v. Hague Ins. Agency, Inc.*, 871 N.E.2d 406 (Ind. Ct. App. 2007).

We also note that neither party questions the timeliness of N.R.'s notice of appeal in their appellate briefs. Nevertheless, the timely filing of a notice of appeal is a jurisdictional prerequisite that this court may address *sua sponte* even where the parties do not raise the issue. *Tarrance v. State*, 947 N.E.2d 494 (Ind. Ct. App. 2011). Indeed, this court lacks subject matter jurisdiction over appeals that are not timely initiated, and subject matter jurisdiction cannot be waived. *Id.*; *Marlett v. State*, 878 N.E.2d 860, 864 (Ind. Ct. App. 2007), *trans. denied*; *see also Jernigan v. State*, 894 N.E.2d 1044, 1047 (Ind. Ct. App. 2008) (noting that "courts at all levels are required to consider the issue [of subject matter jurisdiction] *sua sponte*").

Indiana Appellate Rule 9(A)(1) provides that "[a] party initiates an appeal by filing a Notice of Appeal . . . within thirty (30) days after the entry of a Final Judgment is noted in the Chronological Case Summary." Failure to timely file a notice of appeal results in forfeiture

of the right to appeal. Ind. App. R. 9(A)(5); *Sewell v. State*, 939 N.E.2d 686 (Ind. Ct. App. 2010).

In this case, N.R.'s pro se letter to the trial court requesting the appointment of appellate counsel was filed within the thirty-day time limit prescribed by App. R. 9.[1] N.R.'s Amended Notice of Appeal, however, was not filed until July 22, 2013, or seventy-four days after the entry of final judgment. We were faced with a very similar situation in *Tarrance v. State*, 947 N.E.2d 494. In that case, Tarrance wrote a pro se letter to the trial court indicating that he wished to appeal his sentence and requesting the appointment of appellate counsel. Although the letter was filed within the thirty-day time frame set forth in App. R. 9, appellate counsel was not appointed until after the expiration of the thirty-day period in which to file a notice of appeal. Thirty-six days after the entry of final judgment, Tarrance's appointed counsel filed an Amended Notice of Appeal. This court held that Tarrance's pro se letter was not a proper notice of appeal because it did not conform to the content requirements for a notice of appeal, and that the subsequently filed Amended Notice of Appeal was untimely. *Id.* (citing *Sewell v. State*, 939 N.E.2d 686 (Ind. Ct. App. 2010) (holding that pro se letter to the trial court requesting an appeal and the appointment of appellate counsel was not a notice of appeal because of multiple substantive deficiencies)).

Here, like in *Tarrance*, N.R.'s letter did not satisfy the content requirements for a notice of appeal. We note that the applicable requirements for a notice of appeal have

---

[1] N.R.'s appointed trial counsel did not file his motion to withdraw until June 19, 2013, and the motion was granted on July 1, 2013. Thus, it appears that N.R. was still represented by his appointed trial counsel at the time he filed the letter and throughout the entirety of the thirty-day time period for filing a notice of appeal.

changed significantly since this court's decisions in *Tarrance* and *Sewell*. Prior to a 2011 amendment, App. R. 9(F) required only that the notice of appeal designate the appealed judgment or order and specify whether it was a final judgment or interlocutory order, designate the court to which the appeal is taken, direct the trial court clerk to assemble the Clerk's Record, and include a request for a transcript, if needed. The current App. R. 9(F) includes a number of additional requirements. Among other things, a notice of appeal must now name all of the parties and the trial judge, include an attached copy of the judgment or order being appealed, contain a signature by the attorney or pro se party as well as a number of certifications, and include a certificate of filing and service indicating that the notice of appeal has been filed and served upon a number of parties. Under either version of the rule, N.R.'s letter fell far short of what is required for a notice of appeal.[2] *See Sewell v. State*, 939 N.E.2d 686. Moreover, it is apparent that the letter was not intended to be a notice of appeal. The letter did not purport to be a notice of appeal, and N.R. did nothing more than request the appointment of counsel. For all of these reasons, we cannot conclude that N.R.'s unsigned letter to the trial court qualifies as a notice of appeal, and N.R. cannot retroactively convert the letter into a notice of appeal, and thereby circumvent the thirty-day time limit imposed by App. R. 9(A)(1), by filing a purportedly "amended" notice of appeal seventy-four days after the entry of final judgment. *See Tarrance v. State*, 947 N.E.2d 494. Because N.R.

---

[2] We also note that the letter was filed with the trial court clerk. Prior to the 2011 amendment, notices of appeal were filed with the trial court clerk. Pursuant to the amendment, notices of appeal are now required to be filed with the Clerk of the Indiana Supreme Court, Court of Appeals, and Tax Court. The amended rule, however, provides for a grace period, effective until January 1, 2014, during which a notice of appeal timely filed with the trial court clerk is deemed timely. N.R.'s pro se letter was filed during this grace period;

5

did not timely file a notice of appeal, this court lacks subject matter jurisdiction to consider his appeal.

Dismissed.

KIRSCH, J., and BAILEY, J., concur.

---

accordingly, we do not rely on N.R.'s failure to file the letter with the appellate court clerk in concluding that the letter was not a notice of appeal.