**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Jul 09 2014, 9:53 am

CLERK
of the supreme court,
court of appeals and
tax court

APPELLANT PRO SE:

**RICHARD BURRINGTON**
Elkhart, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**KATHERINE MODESITT COOPER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| RICHARD BURRINGTON, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 20A05-1401-CR-40 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE ELKHART SUPERIOR COURT
The Honorable Stephen R. Bowers, Judge
Cause No. 20D02-0903-FC-00041

**July 9, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**FRIEDLANDER, Judge**

Richard Burrington, pro se, appeals the revocation of his probation, contending that the trial court erred in imposing the balance of his eight-year sentence upon finding that he violated a condition of his probation. We do not reach the substance of his appeal, however, because we lack subject matter jurisdiction.

Appeal dismissed.

The facts are that Burrington was convicted of burglary as a class C felony and auto theft as a class D felony. On August 16, 2010, the trial court sentenced Burrington on the former to eight years with one year suspended and on the latter to two years. The court ordered that those sentences be served concurrent to one another, and consecutive to the sentence Burrington received in a separate case. On March 4, 2013, the trial court granted Burrington's motion to modify his sentence. The court ordered that Burrington be released from custody, with a condition that he participate in an adult rehabilitation program for a period not less than six months, during which time he was ordered to cooperate fully with the requirements of that program. The court ordered that Burrington's probation would expire upon successful completion of the program. Burrington was released on March 11, 2013 and began serving his one-year suspended sentence.

On April 19, 2013, the State filed a notice of probation violation and a petition to revoke Burrington's probation. At a subsequent hearing on that petition, the State alleged that Burrington failed to complete an in-patient treatment program that was part of the required adult rehabilitation program. At the August 12, 2013 hearing on the State's motion, after finding that Burrington violated his probation, the trial court noted Burrington's lengthy criminal history, including seven felony convictions, five

2

misdemeanor convictions, and "more violations that I can count". *Transcript* at 5. The court also noted that Burrington had failed to take advantage of numerous previous opportunities to rehabilitate. Accordingly, the trial court ordered Burrington to serve the balance of his sentence in the Indiana Department of Correction, where he could participate in addiction treatment programs.

On December 16, 2013, Burrington appealed that ruling under Ind. Code Ann. § 35-38-1-15 (West, Westlaw current with all legislation of the Second Regular Session of the 118th General Assembly (2014) with effective dates through May 1, 2014) via a motion to correct erroneous sentence. In that motion, Burrington set forth the following grounds:

3. The Court's Sentencing Order is erroneous on its face in light of the statutory authority for the following reasons: The court initially imposed a sentence of 8 years with 1 year suspended for probation.

4. When petitioner was modified from IDOC by the court so that the suspended portion of his sentence would begin on the date of his entry into the South Bend Salvation Army's Adult Rehabilitation Program, the suspended portion was still the initial 1 year suspended for probation.

5. When the court revoked the defendant's probation and ordered the defendant to serve the balance of his sentence, which was to complete the original 8 year sentence with 899 days credit, the court violated statutory authority when the court imposed the sentence for probation violation that exceeded the 1 year suspended time for probation imposed at the time of the initial sentencing.

*Appellant's Appendix* at 13. The court denied the motion on December 19, 2013, explaining, "Defendant's motion ignores the fact that the Defendant's sentence was modified on 3/11/13 and that the violation occurred after the date of modification." *Id*. at 18. Notice of this decision was issued the next day, December 20, 2013. Burrington filed his notice of appeal on January 23, 2013.

Pursuant to Rule 9(A)(1) of the Indiana Rules Appellate Procedure, in order to appeal a ruling, a party must file a notice of appeal "within thirty (30) days after the entry of a Final Judgment is noted in the Chronological Case Summary." The CCS in Burrington's case reflects that judgment was entered on December 19, 2013 and that notice was issued on December 20, 2013. Therefore, pursuant to App. R. 9, taking into consideration the Martin Luther King Day holiday, Burrington was required to file his notice of appeal by January 20, 2014. He did not do so until January 23, 2014.

The timely filing of a notice of appeal is a jurisdictional prerequisite. *Tarrance v. State*, 947 N.E.2d 494 (Ind. Ct. App. 2011). Our Supreme Court has held that an untimely direct appeal "involves subject matter jurisdiction" and not merely the "procedural requirements to invoke a court's jurisdiction over a particular case." *Greer v. State* 685 N.E.2d 700, 703-04 (Ind. 1997). In fact, "[t]he timely filing of a notice of appeal is a jurisdictional prerequisite, and failure to conform to the applicable time limits results in forfeiture of an appeal." *Tarrance v. State*, 947 N.E.2d at 495 (quoting *Sewell v. State*, 939 N.E.2d 686, 686 (Ind. Ct. App. 2010)).

Burrington did not timely file his notice of appeal and therefore we lack subject matter jurisdiction over this action. Accordingly, we dismiss.

Appeal dismissed.

MATHIAS, J., and PYLE, J., concur.