

**FILED**

May 23 2023, 8:42 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Christopher J. Petersen
Goshen, Indiana

ATTORNEYS FOR APPELLEE

Theodore E. Rokita
Attorney General of Indiana

Nicole D. Wiggins
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Jordan M. Norton,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff.*

May 23, 2023

Court of Appeals Case No.
22A-CR-2314

Appeal from the Elkhart Circuit
Court

The Honorable Michael A.
Christofeno, Judge

Trial Court Cause No.
20C01-2008-MR-5

**Opinion by Judge Bailey**
Judge Brown concurs.
Judge Weissmann dissents with opinion.

**Bailey, Judge.**

# Case Summary

[1] Jordan Norton appeals his convictions and sentence for battery by means of a deadly weapon, as a Level 5 felony,[1] and criminal recklessness, as a Level 6 felony.[2] The State cross-appeals and asserts this appeal should be dismissed for failure to comply with the procedural rules for bringing a belated appeal.

[2] Norton raises two issues on appeal; however, we do not reach those issues, as we find Norton was not entitled to file a belated notice of appeal.

[3] We dismiss.

# Facts and Procedural History

[4] Following a jury trial, Norton was convicted of Count II, battery by means of a deadly weapon, as a Level 5 felony, and Count III, criminal recklessness, as a Level 6 felony.[3] On August 4, 2022, the trial court sentenced Norton to an aggregate sentence of seven years executed. On September 15, 2022, the trial court *sua sponte* issued the following order: "Pursuant to the Court's sentencing order entered on August 4, 2022[,] wherein the Public Defender's office was appointed to represent the [Defendant] on appeal, the Court now extends the time for appellate counsel to file a belated notice of appeal to and including

---

[1] Ind. Code § 35-42-2-1(c)(1), (g)(2).

[2] I.C. § 35-42-2-2(a), (b)(1)(A).

[3] The jury was hung on Count I, murder.

October 15, 2022." App. at 179. On September 28, Norton filed his belated notice of appeal.

# Discussion and Decision

An appeal is initiated by filing a Notice of Appeal within thirty days after the entry of final judgment. Ind. Appellate Rule 9(A)(1). "Unless the Notice of Appeal is filed timely, the right to appeal shall be forfeited except as provided by [Post-Conviction Rule] 2." App. R. 9(A)(5). The latter rule allows a defendant who fails to timely file a notice of appeal to "petition the trial court for permission to file a belated notice of appeal." Ind. Post-Conviction Rule 2(1). Such a petition may be granted only where (1) the defendant was without fault for failing to timely file the notice of appeal and (2) the defendant has been diligent in requesting permission to file the belated notice of appeal. *Id*. The defendant bears the burden to prove both these requirements by a preponderance of the evidence. *Leshore v. State*, 203 N.E.3d 474, 477 (Ind. 2023).

> The decision whether to grant permission to file a belated notice of appeal is left to "the sound discretion of the trial court," and therefore faces abuse of discretion review. *Moshenek v. State*, 868 N.E.2d 419, 422 (Ind. 2007). But when, as here, the trial court did not hold a hearing on the motion to file a belated notice of appeal, "we are reviewing the same information available to the trial court," so we review these unique petitions de novo. *St. Clair v. State*, 901 N.E.2d 490, 492 (Ind. 2009). We therefore afford no deference to the trial court's determination. *Id*.

[6] Here, Norton did not even file a request for permission from the trial court to file a belated appeal. Rather, the trial court took it upon itself to "extend the time" for Norton to file a belated notice of appeal. App. at 179. However, as this Court has previously held, there is no provision of the appellate rules which permits trial courts to expand the time limit prescribed by Appellate Rule 9. *See, e.g.*, *Sewell v. State*, 939 N.E.2d 686, 687 (Ind. Ct. App. 2010), *abrogated on other grounds by In re Adoption of O.R.*, 16 N.E.3d 965 (Ind. 2014).[4]

[7] Nor was there any evidence upon which the trial court could have relied to permit a belated appeal under Post-Conviction Rule 2. Not only did Norton fail to even file a request seeking permission to file a belated appeal, but he also provided no evidence whatsoever regarding whether he was without fault for failing to file a timely notice of appeal and had been diligent in pursuing a belated appeal. "Without any evidence regarding the two elements of P-C.R. 2(1), a petitioner cannot have met his burden of proof." *Townsend v. State*, 843 N.E.2d 972, 975 (Ind. Ct. App. 2006) (reversing the grant of permission to file a belated notice of appeal because the defendant failed to present any evidence to show that he had been without fault and diligent), *trans. denied*. Again, the defendant bears the burden to prove both requirements under Post-Conviction Rule 2(1) by a preponderance of the evidence. *E.g.*, *Leshore*, 203 N.E.3d at 477. Given the lack of a petition and the trial court's failure to hold a hearing, the

---

[4] The Supreme Court in *O.R.* clarified that the failure to timely file a notice of appeal results in forfeiture of the right to appeal but does not deprive the appellate court of jurisdiction. *Id.* at 971. We note the State does not contend we lack jurisdiction of this appeal, only that the appeal is forfeited.

trial court could not have determined properly that Norton was both without fault and diligent.[5] Thus, the trial court erred when it allowed Norton to file a belated appeal.

[8] Nevertheless, our Supreme Court has held that we may allow an otherwise forfeited appeal to proceed if we find "extraordinarily compelling reasons" for doing so. *See In re adoption of O.R.*, 16 N.E.3d 965, 971 (Ind. 2014). However, Norton had not even alleged any such reasons, much less pointed to evidence supporting their existence.

## Conclusion

[9] Norton forfeited his right to appeal by failing to file a timely Notice of Appeal, and there was no evidence from which the trial court could have determined that Norton was entitled to file a belated appeal under Post-Conviction Rule 2. Therefore, we dismiss this appeal.

[10] Dismissed.

Brown, J., concurs.

Weissmann, J., dissents with opinion.

---

[5] Moreover, it is difficult to see how Norton could be found "diligent" in seeking permission to file a belated appeal when he never made any request at all for such permission, nor sought a hearing on the same.

**Weissmann, Judge, dissenting.**

Because I would decide this case on the merits, I respectfully dissent. I agree with the majority that trial courts lack the authority to unilaterally extend the clock for an appeal. But while this principle has gone unchanged over the years, the available remedies in this situation have dramatically shifted.

As the majority notes, our Supreme Court held in *In re Adoption of O.R.* that the untimely filing of an appeal is not a jurisdictional defect depriving courts of subject matter jurisdiction over the case. 16 N.E.3d 965, 971 (Ind. 2014). Instead, we must determine whether "extraordinary compelling reasons" for non-forfeiture exist. *Id.* I find sufficient evidence on the face of the record to apply this exception.

Norton's court-appointed attorney failed to file a timely notice of appeal. Yet, for an indiscernible reason, the trial court sua sponte extended the appellate deadline. Though the trial court lacked the authority to issue such an order, I would not fault the defendant for relying on it. Norton is an incarcerated defendant whose untimely appeal arose due to his public defender's misstep coupled with his reliance on a court order. The forfeiture of Norton's appeal—based solely on the mistakes of others—is too high a price for an incarcerated defendant like Norton to pay. *See Leshore v. State*, 203 N.E.3d 474, 478-79 (Ind. 2023) (restoring the right to an appeal under Post-Conviction Rule 2, in relevant part, where the defendant was not at fault for relying on "mistaken advice").

Moreover, the "extraordinary compelling reasons" cited by *In re Adoption of O.R.*, are "not determined solely from the perspective of the litigant." *Morales v. State*, 19 N.E.3d 292, 296 (Ind. Ct. App. 2014). This Court has an interest in judicial economy and bringing finality to proceedings by post-conviction petitioners. *Id.* And "whenever possible," Indiana courts have a preference to "'resolve cases on the merits instead' of on procedural grounds like waiver." *Pierce v. State*, 29 N.E.3d 1258, 1267 (Ind. 2015) (quoting *Roberts v. Cmty. Hosp. of Ind., Inc.*, 897 N.E.2d 458, 469 (Ind. 2008)). These notions guide me to resolve this appeal on the merits.

Lastly, I think it important to recognize that an appellant whose appeal was dismissed in this manner is almost certainly going to file a Post Conviction Rule 2 belated notice of appeal petition with the trial court. *See, e.g.*, *Sewell v. State*, 939 N.E.2d 686, 686 (Ind. Ct. App. 2010); *Tarrance v. State*, 947 N.E.2d 494, 496 (Ind. Ct. App. 2011) ("As in *Sewell*, we recognize that Tarrance's conduct will likely permit him to file a petition for permission to file a belated notice of appeal under Post-Conviction Rule 2."). Given the trial court already extended the time for Norton to file his appeal on its own initiative, the success of this petition is not in any serious doubt. Dismissing Norton's appeal now leads to nothing more than a delay in the date of eventual review and additional costs to the taxpayers who are funding Norton's appeal—the opposite result of the "orderly and speedy justice" our procedural rules are meant to promote. *In re Adoption of O.R.*, 16 N.E.3d at 971-72 (quoting *In re Adoption of T.L.*, 4 N.E.3d 658, 661 n.2 (Ind. 2014).

[16] Because Norton's appeal is squarely before the court and no interest is served by dismissing based on the mistakes of others, I would consider the merits of this case.