FOR PUBLICATION



ATTORNEY FOR APPELLANTS:

**DOUGLAS A. MULVANEY**
Stutsman & Mulvaney
Elkhart, Indiana

ATTORNEYS FOR APPELLEES:

**KRISTY M. RANS**
**MARTIN J. GARDNER**
Gardner & Rans P.C.
South Bend, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

TODD WALTERS and MATENIA WALTERS,    )
                                     )
    Appellants-Plaintiffs,          )
                                     )
       vs.                        )    No. 20A04-1106-CT-342
                                     )
AARON AUSTIN and HERMAN & GOETZ, INC.,  )
                                     )
    Appellees-Defendants.           )

APPEAL FROM THE ELKHART SUPERIOR COURT
The Honorable Stephen R. Bowers, Judge
Cause No. 20D02-0702-CT-12

April 18, 2012

OPINION - FOR PUBLICATION

**NAJAM, Judge**

## STATEMENT OF THE CASE

Todd and Matenia Walters (collectively "the Walterses") appeal the trial court's judgment on a jury verdict in favor of Aaron Austin and his employer, Herman & Goetz, Inc., (collectively "Defendants") on the Walterses' complaint for damages arising from a multi-vehicle accident. The Walterses present several issues for review. However, because we determine that we do not have jurisdiction, we do not reach the merits of this appeal.

We dismiss.

## FACTS AND PROCEDURAL HISTORY

On February 28, 2005, Todd Walters was involved in a multi-vehicle accident in the eastbound lane of the U.S. 20 bypass in northern Indiana. Several vehicles, including Walters' truck, hit a patch of black ice on an overpass. Walters was able to maneuver his vehicle to the right side of the road, where it came to a stop. Austin, driving his employer's van, then lost control on the ice and hit Walters, who was standing on the driver's side of his vehicle. Walters was thrown by the impact and suffered serious injuries.

On February 27, 2007, the Walterses filed a complaint against the Defendants seeking damages for his injuries. Following a four-day trial, the jury returned a verdict in favor of the Defendants on April 21, 2011, and the trial court entered judgment on May 3. The Walterses filed a motion to correct error on May 20, which the trial court denied on May 23. Unaware of that ruling, the Walterses filed an amended motion to correct error and a motion to relate the amended motion back to the filing date of the original motion

to correct error. On May 24, the trial court granted the motion to relate back but denied the amended motion to correct error.

The Walterses filed their notice of appeal on June 23. On January 20, 2012, the Defendants filed a motion to dismiss the appeal for failure to timely file a notice of appeal. On February 7, the Walterses filed their response. A motions panel of this court held the motion to dismiss in abeyance pending the completion of briefing and assignment of this case to the writing panel.

## DISCUSSION AND DECISION

During the briefing process in this case, the Defendants filed a motion to dismiss the Walterses' appeal, alleging that the Walterses had not timely filed the notice of appeal. In 2011, the rule governing the initiation of an appeal provided:

> A party initiates an appeal by filing a Notice of Appeal with the trial court clerk within thirty (30) days after the entry of a Final Judgment is noted in the Chronological Case Summary. However, if any party files a timely motion to correct error, a Notice of Appeal must be filed within thirty (30) days after the court's ruling on such motion is noted in the Chronological Case Summary or thirty (30) days after the motion is deemed denied under Trial Rule 53.3, whichever occurs first. . . .

Ind. Appellate Rule 9(A)(1).[1] The timely filing of a notice of appeal is a jurisdictional prerequisite. State v. Hunter, 904 N.E.2d 371, 373 (Ind. Ct. App. 2009). Failure to conform to the applicable time limits results in forfeiture of an appeal. Ind. App. R. 9(A)(5).

Here, the trial court entered judgment in favor of the Defendants on May 3, 2011. The Walterses timely filed a motion to correct error on May 20, and the trial court denied

---

[1] Indiana Appellate Rule 9 was amended effective January 1, 2012. Although the amendments do not materially affect the disposition of this case, we refer to the rule in effect at the time the Walterses filed their notice of appeal.

that motion on May 23. Unaware of that order, the Walterses filed an amended motion to correct error also on May 23 as well as a motion requesting that the amended motion relate back to the original filing date of May 20. The Walterses have conceded that the amended motion to correct error "is essentially the same Motion to Correct Errors and Memorandum of Law in Support with the exception of typographical and grammatical changes." Motion to Dismiss, Exhibit D (Motion to Relate Filing Back to Original Filing Date) at 2. The trial court granted the motion to relate back but denied the amended motion to correct error. The Walterses then filed their notice of appeal on June 23, 2011.

The Defendants contend that the appeal should be dismissed because the notice of appeal was filed thirty-one days after the trial court denied the first motion to correct error. The Walterses maintain that the relevant date for determining the timeliness of the notice of appeal is May 24, 2011, the date the trial court denied the amended motion to correct error. In support, they assert that the amended motion to correct error was "not filed in an effort to extend the filing deadline [for the notice of appeal] nor was it an attempt to ask the Trial Court to reconsider the motion as the Amended Motion to Correct Errors was filed before counsel for plaintiff[s] was notified that the original Motion to Correct Errors had been denied." Response to Motion to Dismiss at *2. Therefore, the Walterses believe that they timely filed their notice of appeal. We cannot agree.

Indiana Trial Rule 53.4 provides in relevant part that repetitive motions "shall not delay the trial or any proceedings in the case, or extend the time for any further required or permitted action, motion, or proceedings under these rules." We find that rule applicable here. The Walterses' amended motion to correct error was nearly identical to

4

the original motion to correct error, amending only non-substantive, typographical and grammatical errors in the original motion. Further, the amended motion was to "relate back" to the original motion. In effect, the amended motion was merged with the original motion, and the denial date of the original motion was May 23. We conclude that the amended motion to correct error was a repetitive motion and, therefore, the filing of the amended motion did not change the date for filing the notice of appeal. See Peters v. Perry, 873 N.E.2d 676, 678-79 (Ind. Ct. App. 2007), modified on other grounds on reh'g, 877 N.E.2d 498 (Ind. Ct. App. 2007) (treating subsequent motion to correct error as motion to reconsider, which did not alter time for filing appeal). The Walterses' notice of appeal was filed thirty-one days after the trial court denied the first motion to correct error. Because the notice of appeal was not timely filed, we do not have jurisdiction to consider the merits of this appeal and must dismiss this appeal.

Dismissed.

RILEY, J., concurs.

DARDEN, J., dissents with separate opinion.

5

## IN THE
## COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| TODD WALTERS and MATENIA WALTERS, | ) | |
| | ) | |
| Appellants, | ) | |
| | ) | |
| vs. | ) | No. 20A04-1106-CT-342 |
| | ) | |
| AARON AUSTIN and HERMAN & GOETZ, INC., | ) | |
| | ) | |
| | ) | |
| Appellees. | ) | |

**DARDEN, Judge, dissenting**

I respectfully dissent. I do not agree with the majority's holding that the Walterses' amended motion to correct error was a repetitive motion for the purposes of Indiana Trial 53.4, which was designed to prevent delay through the filing of repetitive motions. *See Stephens v. Irvin*, 734 N.E.2d 1133, 1134 (Ind. Ct. App. 2000), *trans. denied*.

The Walterses filed both of their motions to correct error well within the time period to do so; filed the amended motion to correct error only three days after filing the original motion; and filed the May 23 motion prior to receiving notice that the trial court had denied the May 20 motion. The Walterses clearly did not file the May 23 motion in an effort to extend the time for filing their notice of appeal. Accordingly, I do not believe that the interest of justice is served by treating the May 23 motion as a repetitive motion. I therefore would review this case on the merits.

6