**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



APPELLANT PRO SE:

**HUGH Z. NELSON**
Gary, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| HUGH Z. NELSON, | ) |
| | ) |
| Appellant, | ) |
| | ) |
| vs. | )   No.  45A03-1111-DR-576 |
| | ) |
| RENEE BURTIN, | ) |
| | ) |
| Appellee. | ) |

APPEAL FROM THE LAKE SUPERIOR COURT
The Honorable Nanette K. Raduenz, Judge
Cause No.  45D03-0906-DR-655

**December 6, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BAILEY, Judge**

**Case Summary**

Hugh Z. Nelson ("Nelson"), proceeding pro se, appeals the disposition of marital assets at the conclusion of dissolution proceedings between himself and Renee Burtin ("Burtin"). Concluding that we lack jurisdiction to decide his claims, we dismiss this appeal.

**Facts and Procedural History**

On June 25, 2005, Nelson and Burtin were married; the marriage produced no children. When the two wed, Nelson already owned the marital residence in Gary, and had personal property furnishing the home. During the course of the marriage, the couple acquired various furnishings for the home, including a television, a love seat, a couch, and a treadmill with funds from one of Nelson's retirement accounts.

On May 6, 2005, Burtin purchased a 2006 Chrysler 300, using a loan to finance the purchase; both the loan and the vehicle title were in Burtin's name.[1] During the marriage, Nelson withdrew funds from a retirement account to pay the remaining balance on the vehicle note, after which Burtin transferred title to the vehicle to Nelson for consideration of $1.00.

During the marriage, Burtin encountered health problems and required medical care. Burtin had health insurance through Nelson. Nelson informed Burtin that when he retired, she would no longer have health insurance, but Burtin did not pursue additional medical care. However, before he retired, Nelson terminated Burtin's coverage under the insurance plan in

---

[1] We note that the dissolution court's property disposition order indicates that the car was purchased during the course of the marriage. Because we dispose of this case on grounds other than any error committed by the dissolution court, that error is harmless. See Ind. Trial Rule 61 (precluding reversal of an order upon appeal where an error has no effect upon the substantive rights of the parties).

2

order to increase the amount of his pension remittances. At the time of the dissolution of the marriage, the outstanding bills for Burtin's medical care totaled $9,248.00. (App. at 21.)

Also during the marriage, Nelson withdrew funds from a retirement account and used the money to pay the balance of the loan on the marital residence. Nelson also withdrew funds from a retirement account and purchased a tractor and trailer that were not maintained and went largely unused. Based upon this, the dissolution court concluded that Nelson dissipated marital assets totaling $17,775.62 associated with the purchase and maintenance of the equipment. (App. at 20.)

On June 30, 2009, Burtin filed for dissolution of the marriage between her and Nelson. After entering an order dissolving the marriage and conducting a final hearing, on May 26, 2011, the dissolution court entered a decree disposing of the marital property ("the Decree"). The Decree awarded Nelson the Chrysler 300, but required him to pay approximately half the value of the purchase price of the vehicle to Burtin; required Nelson to make an equalization payment of $2,896.50 to Burtin; awarded Burtin certain furnishings from the home; and required Nelson and Burtin to share the costs of Burtin's medical bills. On June 13, 2011, Nelson filed a motion to correct error, which the dissolution court denied on August 15, 2011.

On December 28, 2011, Nelson was held in contempt of court ("the contempt order"), apparently for failing to comply with the provisions of the Decree. He filed a notice of appeal from the contempt order on December 30, 2011, after an apparent attempt on November 23, 2011, to file a notice of appeal encompassing both the pending contempt

3

proceeding and the Decree and subsequent denial of the motion to correct error.

## Discussion and Decision

Nelson challenges numerous findings and conclusions in the dissolution court's Decree. We dispose of this case on a different basis, however—namely, that Nelson did not timely seek appeal of the Decree or the denial of his subsequent motion to correct error.

We observe first that Nelson proceeds pro se. Pro se litigants are held to the same standards as are licensed attorneys. In re Estate of Carnes, 866 N.E.2d 260, 265 (Ind. Ct. App. 2007).

A party must file a notice of appeal from a final judgment within thirty days after the entry of the judgment in a trial court's Chronological Case Summary, or, where a motion to correct error is filed, within thirty days after the entry of the trial court's ruling on that motion. Ind. Appellate Rule 9(A)(1). "The timely filing of a notice of appeal is a jurisdictional prerequisite." Walters v. Austin, 968 N.E.2d 233, 234 (Ind. Ct. App. 2012) (citing State v. Hunter, 904 N.E.2d 371, 373 (Ind. Ct. App. 2009)), trans. denied. If a notice of appeal is not timely filed, the right to an appeal is forfeited. App. R. 9(A)(5). "[S]ubject matter jurisdiction cannot be waived, and courts at all levels are obligated to consider these issues sua sponte." Tarrance v. State, 947 N.E.2d 494, 495 (Ind. Ct. App. 2011). Thus, though Nelson does not raise the matter of the timeliness of his appeal, and Burtin has not filed any appellee's brief challenging Nelson's contentions on appeal,[2] we must address the

---

[2] Ordinarily, where no appellee's brief has been filed, an appellant may succeed on appeal upon a showing of prima facie error, or error "'at first sight, on first appearance, or on the face of it.'" Morgal-Henrich v. Henrich, 970 N.E.2d 207, 210 (Ind. Ct. App. 2012) (quoting Trinity Homes, LLC v. Fang, 848 N.E.2d

question of the timeliness of Nelson's appeal.

To timely seek appeal from the dissolution court's denial of the motion to correct error, Nelson was required to file a notice of appeal within thirty days after the denial of the motion on August 15, 2011. Nelson states that he timely filed a notice of appeal from the dissolution court's denial of his motion to correct error, but "[n]o response was received regarding formatting or a tentative date, only a copy of the request for appeal with the required postage was returned two months later." (App. at 11.) Yet Nelson provides no support for this assertion except for his own unsworn statements. He has not provided to this Court a copy of the notice of appeal he claims to have filed. Nor has Nelson provided a copy of the dissolution court's CCS that would provide evidence of this filing.[3]

Moreover, our review of this Court's docket reveals no notice of appeal from Nelson until December 30, 2011. This constitutes timely notice of appeal from the dissolution court's order holding Nelson in contempt of court, which was entered on December 28, 2011, but not from the dissolution court's denial of Nelson's motion to correct error. Yet the entirety of Nelson's brief before this court relates to the merits of the property division in the Decree, which was the subject of the motion to correct error.

Nelson did not timely file a notice of appeal from the Decree or the dissolution court's denial of the motion to correct error. He has therefore forfeited his appeal of those orders. Because his briefing in this case addresses only matters from the Decree and the motion to

---

1065, 1068 (Ind. 2006)).

[3] The absence of the CCS is contrary to Appellate Rule 50(A)(2)(a), and a party proceeding pro se is held to the same standard as licensed attorneys in such matters.

correct error, over which we lack jurisdiction, we must therefore dismiss Nelson's appeal.

Dismissed.

VAIDIK, J., and BROWN, J., concur.