**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Feb 03 2014, 8:33 am

CLERK
of the supreme court,
court of appeals and
tax court

APPELLANT PRO SE:

**SANDRA M. PASQUALE**
Tinley Park, Illinois

ATTORNEY FOR APPELLEE:

**JAY T. HIRSCHAUER**
Hirschauer & Hirschauer
Logansport, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| SANDRA M. PASQUALE, | ) | |
| | ) | |
| Appellant-Petitioner, | ) | |
| | ) | |
| vs. | ) | No. 09A04-1304-DR-169 |
| | ) | |
| THOMAS M. PASQUALE, | ) | |
| | ) | |
| Appellee-Respondent. | ) | |

APPEAL FROM THE CASS SUPERIOR COURT
The Honorable Christopher M. Goff, Special Judge
Cause No. 09D01-0808-DR-73

**February 3, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**KIRSCH, Judge**

Sandra M. Pasquale ("Sandra") appeals from the trial court's post-dissolution order, contending that the trial court erred in restricting her parenting time. Finding that Sandra has failed to establish an abuse of discretion or any other trial court error, we affirm.

## FACTS AND PROCEDURAL HISTORY

Sandra filed a petition for dissolution of her marriage to Thomas M. Pasquale ("Thomas") on August 26, 2008. The trial court appointed an attorney to serve as guardian ad litem for purposes of conducting a custody investigation and preparing a custody report. At the conclusion of the investigation, the guardian ad litem, deeming it a close call, recommended that Thomas have custody of the three minor children of the parties. A final hearing was conducted over the course of several days, and on February 2, 2010, the trial court entered its decree of dissolution in which primary physical custody of the three children was awarded to Sandra.

On February 9, 2011, Sandra filed a notice of intent to relocate to an undisclosed location in Illinois, to which Thomas filed his objection. After the appointment of a special judge, the trial court appointed a new guardian ad litem. The new guardian ad litem filed her report recommending that the three children remain in Indiana, and that primary physical custody of the three children should be awarded to Thomas. A hearing was held after which the trial court entered its order denying Sandra's request to relocate, granting Thomas's motion for primary physical custody of the children, and awarding primary physical custody of the three children to Thomas. Sandra did not appeal the trial court's order.

On July 18, 2012, Thomas filed a motion to terminate or, in the alternative, restrict Sandra's parenting time with the children. Attached to Thomas's motion was a report

2

authored by a counselor for one of the children stating that an alternative means of contact with Sandra, possibly supervised visits, should be explored, as a result of the child's distress experienced after an incident involving her mother at a ballpark. The motion requested the re-appointment of the guardian ad litem. The trial court heard preliminary evidence, the guardian ad litem filed her report, and a hearing was conducted after which the trial court took the matter under advisement. On March 7, 2013, the trial court entered its order concluding that Sandra's parenting time should be supervised until Sandra had completed a psychological evaluation. Sandra now appeals from that order.

## DISCUSSION AND DECISION

"In custody and visitation matters, foremost consideration must be given to the best interests of the child." *Marlow v. Marlow*, 702 N.E.2d 733, 735 (Ind. Ct. App. 1998). "We will generally reverse child visitation decisions only upon a showing of a manifest abuse of discretion." *Hanson v. Spolnik*, 685 N.E.2d 71, 79 (Ind. Ct. App. 1997). "We neither reweigh the evidence nor reexamine the credibility of the witnesses." *Id*. "Rather, we will view the record in the light most favorable to the trial court's decision to determine whether the evidence and reasonable inferences therefrom support the trial court's decision." *Id*.

Indiana Code section 31-17-4-1 defines the visitation rights of noncustodial parents as follows:

> A parent not granted custody of the child is entitled to reasonable parenting time rights unless the court finds, after a hearing, that parenting time by the noncustodial parent might endanger the child's physical health or significantly impair the child's emotional development.

> Here, the record shows that a licensed clinical social worker providing services for

3

Sandra and Thomas's two girls prepared a report and testified about the effect of the girls' visitation with Sandra on their emotional development. He testified that both girls were distressed about a particular incident that occurred during their seven-year-old brother's baseball game. After Sandra saw Thomas across the field at the game, Sandra took offense at Thomas attending a game that took place during her parenting time. Sandra stood up and started screaming that Thomas was a rapist and alleged that he was stalking her. Sandra did so in front of many adults and children, including her own, in a public place in their relatively small hometown. Other adults asked Sandra to sit down and remain quiet because she was ruining everyone else's experience. Sandra called law enforcement officers who, after arriving and speaking with Thomas, determined that Thomas was not doing anything wrong. The social worker testified that both girls were very distressed by the event.

Additionally, the trial court had before it two reports from the guardian ad litem, in one of which she concluded that continued unrestricted parenting time with Sandra would impair the children's emotional development. She also observed that there seemed little chance that Sandra and Thomas could successfully co-parent the children without trial court intervention. The guardian ad litem recommended in both reports that Sandra exercise supervised parenting time with the children until she participated in a psychological evaluation and parenting assessment and completed all recommendations not excluding counseling.

Further, a family case manager with the Cass County Department of Child Services testified that she had investigated numerous complaints filed by Sandra regarding the children, found them all to have been unsubstantiated, and that there were no outstanding

4

complaints under her investigation. The case manager noted one complaint involving the promptness, or lack thereof, with which Thomas addressed the issue of treatment of his son's cavities. That complaint was determined not to rise to the level of abuse or neglect.

The testimony and exhibits offered at the hearing were considered and summarized in detail in the trial court's findings supporting its order. We find that Sandra's arguments on appeal challenging the trial court's order are merely an invitation to reweigh the evidence, a task our standard of review forbids us to undertake. *Hanson*, 685 N.E.2d at 79. Sandra called no witnesses and offered no reports. Her evidence consisted of two photographs, which the trial court took into consideration. At the hearing, Sandra, who appeared *pro se*, argued with the witnesses and trial court, expressing her displeasure with those whose opinions differed from her own. Similarly, on appeal, Sandra points to evidence which she claims contradicts the trial court's findings and conclusions. Our examination of the record, however, leads us to the conclusion that the trial court's findings have support in the record, and those findings, in turn, support the trial court's judgment.

The issue that Sandra designates in her brief as Issue I challenges the trial court's decision to deny her February 9, 2011 petition to remove the children from Indiana to Illinois. However, Sandra did not timely pursue an appeal from that order. "A party must file a notice of appeal from a final judgment within thirty days after the entry of the judgment in a trial court's Chronological Case Summary, or where a motion to correct error is filed, within thirty days after the entry of the trial court's ruling on that motion." Ind. Appellate Rule 9(A)(1). "The timely filing of a notice of appeal is a jurisdictional prerequisite." *Walters v. Austin*, 968 N.E.2d 233, 234 (Ind. Ct. App. 2012) (citing *State v. Hunter*, 904 N.E.2d 371,

5

373 (Ind. Ct. App. 2009)), *trans. denied.* If a notice of appeal is not timely filed, the right to an appeal is forfeited. App. R. 9(A)(5). Sandra has thus forfeited her right to appeal from that order, and we do not consider her arguments here.

The issue Sandra designates in her brief as Issue II challenges the portion of the trial court's order denying Sandra's request for a permanent injunction against Thomas and Sandra's verified motion for contempt. Sandra's submission in that regard consists of citation to various statutes and case law without development of the applicability of the legal propositions cited to the facts in the case at bar and consist of the contents of two footnotes. Sandra has waived this claim as well.

The issue Sandra designates in her brief as Issue IV challenges the portion of the trial court's order denying her motion to have the guardian ad litem removed due to alleged violations of professional conduct, and requiring Sandra to pay a portion of the guardian ad litem's fees. Sandra, however, has failed to develop a cogent argument on these matters. Although she has recited various legal propositions with case citations, her argument along these lines is wholly undeveloped. As such, she has waived review of these issues for appeal. *See Wenzel v. Hopper & Galliher, P.C.*, 830 N.E.2d 996, 1004 (Ind. Ct. App. 2005) (failure to present cogent argument supported by legal authority constitutes waiver of issue for appellate review); *see also* Ind. Appellate Rule 46(A)(8)(a) ("The argument must contain the contentions of the appellant on the issues presented supported by cogent reasoning. Each contention must be supported by citations to the authorities, statutes, and the Appendix or parts of the Record on Appeal relied on.").

A litigant who proceeds *pro se* is held to the same established rules of procedure that

6

trained counsel is bound to follow. *Smith v. Donahue*, 907 N.E.2d 553, 555 (Ind. Ct. App. 2009). "One risk a litigant takes when he proceeds *pro se* is that he will not know how to accomplish all the things an attorney would know how to accomplish." *Id.* Furthermore, *pro se* appellants are held to the same standards of civility and professional courtesy as admittees to the Indiana Bar. *Boczar v. Meridian St. Found.*, 749 N.E.2d 87, 92 (Ind. Ct. App. 2001).

The topic of standards of civility and professional courtesy leads us to comment further. Thomas has filed a motion to strike Sandra's brief and appendix and to dismiss her appeal because of procedural defects and inappropriate argument. Sandra has filed a motion to dismiss Thomas's motion to strike and dismiss. We dispose of those motions in a separate order.

However, we pause to comment on the inflammatory nature of Sandra's Appellant's Brief and Appendix, in which she alleges that the guardian ad litem, Thomas, and Thomas's counsel "perjured themselves countless times on the witness stand, rendering any and all credibility lost." *Appellant's Br*. at 8-9. In one instance, Sandra writes as follows:

> This entire case was based upon subjective hearsay [AKA false allegations] and the use of Projection, by Thomas placing blame on his victims, then perpetuated down the line to; DCS, Counselor, GAL and Court, while objective evidence lies dormant, outside the realm of evidence-based theory [AKA reality] and common sense left at the door.

*Id*. at 10. With respect to the Appellant's Appendix, Sandra has listed various documents with appropriate citation to their location in the Appendix, but has further editorialized the documents. For example, a no contact order appearing on page 10 is further described as "Thomas Pasquale charged with Domestic Battery resulting from choking and biting his wife

7

Sandra on her face." *Appellant's App.* at i.[1]

Finally, with respect to Sandra's prayer for relief, she asks this court to grant custody of the three children to her, allow her to relocate with them to Illinois, terminate Thomas's parental rights, hold the guardian ad litem responsible for the expenses related to the present appeal, and sanction the guardian ad litem for "gross misconduct and perjury." *Appellant's Br.* at 37. We have previously stated as follows about how discourteous and intemperate language does little to advance an appellant's contention of reversible error:

> For the use of impertinent, intemperate, scandalous, or vituperative language in briefs on appeal impugning or disparaging this court, the trial court, or opposing counsel, we have the plenary power to order a brief stricken from our files and to affirm the trial court without further ado. In the interest of evaluating the merits of [the Appellant's] issues on appeal, we choose not to strike the Appellant's Brief filed by [Appellant's] counsel or any portion thereof. Because we choose not to exercise our discretion to strike the brief, however, counsel should not confuse this with approval or condoning of the unprofessional, disrespectful, and at times outrageous remarks and allegations made in the body of the brief. We appreciate vigorous advocacy, but we will not countenance the sort of lawyering exhibited here. We admonish counsel to advocate more professionally in future matters before this court.

*Lasater v. Lasater*, 809 N.E.2d 380, 404 (Ind. Ct. App. 2004) (citation and footnote omitted).

As Sandra is held to the same standard as admittees to the Indiana bar, we admonish her to advocate her contentions more professionally in the future when choosing to proceed *pro se*.

Affirmed.

FRIEDLANDER, J., and BAILEY, J., concur.

---

[1] The page of the Table of Contents appearing at the beginning of the Appellant's Appendix are not separately paginated. The example cited appears on the first page of the table of contents which ordinarily is paginate with lower case roman numerals.