**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**LEANNA WEISSMANN**
Lawrenceburg, Indiana

ATTORNEY FOR APPELLEE:

**KEVIN J. MOSER**
Kevin Moser Law PLLC
Covington, Kentucky

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| RUSSELL LAWLESS, | ) | |
| | ) | |
| Appellant-Petitioner, | ) | |
| | ) | |
| vs. | ) | No.  58A01-1308-DR-366 |
| | ) | |
| LESLIE LAWLESS, | ) | |
| | ) | |
| Appellee-Respondent. | ) | |

APPEAL FROM THE OHIO CIRCUIT COURT
The Honorable James D. Humphrey, Judge
The Honorable Kimberly A. Schmaltz, Magistrate
Cause No. 58C01-1003-DR-5

**May 19, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BAILEY, Judge**

**Case Summary**

Russell Lawless ("Husband") and Leslie Lawless ("Wife") were divorced, and allocated assets and debts in the marital pot. Husband appeals the dissolution court's denial of his motion to correct error, which challenged the court's property division.

We affirm in part, reverse in part, and remand with instructions to include only pre-petition debt and assets in the marital pot.

**Issues**

Husband presents several issues for our review. We restate these as whether the dissolution court abused its discretion when it:

I.   Included certain debts in the marital pot;

II.  Selected a valuation date for Husband's retirement account, where a portion of the assets in the retirement account vested after the petition date; and

III. Deviated from the statutory presumption for equal division of marital property.

**Facts and Procedural History**

Husband and Wife were married on March 2, 2004. The couple shared two children born before the marriage, T.L. and E.L., and the marriage produced a third child, R.L. Husband and Wife acquired few assets during the marriage; the only asset of substantial value was Husband's employer-sponsored pension plan.

On March 15, 2010, Husband filed for dissolution of the marriage. During the pendency of the dissolution proceedings, Husband filed for bankruptcy, and the marital home was foreclosed upon. Also during the pendency of the dissolution proceedings, and contrary

2

to the dissolution court's orders concerning disposition of marital assets during the pendency of the divorce proceedings, husband liquidated the pension plan and used the funds to pay for a truck and other expenses.

On January 19, 2013, the trial court entered a dissolution decree which provided for parenting time, child support, and final distribution of the marital assets. The dissolution decree fixed the total liabilities of the marriage at $4,183.90. Finding that the only asset of the marriage was Husband's retirement plan, the court fixed its value at $26,096.21, its value as of the date of Husband's liquidation of the assets in the plan. The dissolution court found that Wife was paying all remaining marital debts and that Husband's liquidation of the retirement plan violated the preliminary orders in the case. The court thus allocated 58% of the marital assets, or $15,140.06 to Wife. Husband was allocated the remainder, totaling $10,956.16, and judgment was entered against him in the amount of $13,925.06, which represented the total value of Wife's portion of the marital assets, less $1,215.00 Wife had withdrawn from Husband's bank account during the pendency of the dissolution proceedings.

On February 13, 2013, Husband filed a motion to correct error.[1] A hearing was conducted on the motion on May 13, 2013, and on June 21, 2013 the trial court entered its order on the motion. The trial court did not modify any facet of the distribution of marital assets or liabilities.

This appeal ensued.

---

[1] Wife suggests in her Appellee's Brief that Husband has waived one or more issues on appeal because he did not raise them in his motion to correct error. Ind. Trial Rule 59 provides that, with the exceptions of newly discovered evidence or a claim that a jury verdict is excessive or inadequate, "[a]ll other issues and grounds for appeal appropriately preserved during trial may be initially addressed in the appellate brief." T.R. 59(A). Accordingly, we conclude that Husband's appeal is not waived.

3

## Discussion and Decision

### Marital Liabilities

Husband appeals from a motion to correct error concerning the dissolution court's determination and distribution of marital property. We review a trial court's decision on a motion to correct error for an abuse of discretion. City of Indianapolis v. Hicks, 932 N.E.2d 227, 230 (Ind. Ct. App. 2010), trans. denied.

Marital property includes both assets and liabilities. McCord v. McCord, 852 N.E.2d 35, 45 (Ind. Ct. App. 2006), trans. denied. "Indiana subscribes to the 'one-pot' theory of marital possessions." In re Marriage of Edwards and Bonilla-Vega, 983 N.E.2d 619, 621 (Ind. Ct. App. 2013) (citing Fobar v. Vonderahe, 771 N.E.2d 57, 58 (Ind. 2002). The marital estate is presumed to include all property owned by either spouse prior to the marriage, all property acquired by either spouse during the marriage and prior to final separation of the parties, and all property acquired as a result of the parties' joint efforts. Ind. Code § 31-15-7-4(a). The marital pot generally closes on the date the dissolution petition is filed, and thus debts incurred by one party after the dissolution petition has been filed are not included in the marital pot. Alexander v. Alexander, 927 N.E.2d 926, 940 (Ind. Ct. App. 2010), trans. denied.

The division of marital assets is within the discretion of the trial court. Id. at 933. We will reverse only when the court abuses its discretion. Id. An appealing party must overcome the presumption that the court complied with applicable law, which is "one of the strongest presumptions applicable to our consideration on appeal." Id. We do not reweigh

4

evidence or reassess the credibility of witnesses, and consider only the evidence most favorable to the trial court's disposition of the marital property. Id.

Husband first contends that the dissolution court abused its discretion when it determined the total amount of the liabilities of the marriage. Husband challenges numerous liabilities as having been either improperly included in the marital pot or improperly calculated. These include $2,500 in court costs and probation fees incurred by the couple's oldest child, T.L.; several dental and medical bills incurred by Wife after the date of the filing of the petition for dissolution of the marriage; a school-related bill for the couple's middle child, E.L.; and several other medical bills for which Husband claims the dissolution court did not have sufficient evidence to include in the marital pot, either due to the date of the expense or the family member for whose care the bill applied.

Turning first to the probation fees, Husband argues that the court erred because while the total probation costs for T.L. were $2,500, only a portion of these costs were paid after the filing of the dissolution petition. He also argues that, because T.L. was emancipated, the debt was personal to T.L., and it was thus an abuse of discretion for the trial court to have included any part of those fees in the marital pot.

We do not agree with Husband that the court abused its discretion in including the probation fees. Both Husband and Wife testified that they had paid T.L.'s probation fees before the dissolution petition, and it was thus not unreasonable for the court to include the remainder of those fees in the marital pot. We do, however, agree with Husband that the dissolution court abused its discretion in including the entirety of the $2,500 into the marital

pot. Again, both Husband and Wife testified that the probation fees were paid by both before Husband filed his petition to dissolve the marriage. Moreover, the documentary evidence Wife submitted reflects that of the $2,500, all of which was paid in full, only $350 was paid on a date after the dissolution petition. (Ex. E.) The evidence adduced during the hearing established that Wife paid the post-petition balance. Thus, the proper amount of the debt for inclusion in the marital pot was $350. To the extent the trial court included the entirety of the probation fees, the court erred.

To the extent Wife incurred medical or dental costs for herself after the date of Husband's petition to dissolve the marriage, these were not properly included in the marital pot. For example, the River Valley Imaging invoice that the dissolution court found was a marital debt shows a post-petition date of service for Wife; this was not properly included in the marital pot. Some of the Collection Associates bills do not appear to pertain to care for the children, but are specific to Wife and bear post-petition dates of service; to the extent the bills relate to Wife's medical care, these, too, were not appropriate for inclusion in the marital pot.

Other bills, however, identify Wife or Husband as the guarantor for the bills but relate to medical care or educational costs for the couple's children or predate the dissolution petition. These would properly be included in the marital pot. To the extent that the trial court included into the marital pot bills related to Wife's post-petition medical expenses, this was an abuse of discretion. Accordingly, upon remand we instruct the trial court to re-determine the total amount of marital debts based upon the dates on which debts were

incurred and on whose behalf, and to take into consideration payments made before and after the petition date.

Valuation of Husband's Pension

Husband also contends that the dissolution court abused its discretion when it assessed the value of the pension at $26,096.21, the account balance when Husband liquidated the account.

Valuation of marital property is left to the trial court's discretion. Hartley v. Hartley, 862 N.E.2d 274, 283 (Ind. Ct. App. 2007). Trial courts are required to "consider the tax consequences of the property disposition with respect to the present and future economic circumstances of each party." I.C. § 31-15-7-7. And when assessing value, "[w]here the trial court's valuation of property is within the range of values supported by the evidence, the court does not abuse its discretion." Goossens v. Goossens, 829 N.E.2d 36, 38 (Ind. Ct. App. 2005).

Husband objects to the trial court's selection of the date Husband liquidated the retirement account, April 2, 2011, rather than on March 15, 2010, the date on which Husband filed the petition for dissolution of the marriage. The date of valuation of an asset is left to the discretion of the trial court, and we will not reverse such a decision absent an abuse of discretion. Quillen v. Quillen, 671 N.E.2d 98, 102 (Ind. 1996). Though the date selected for valuation of an asset may allocate the risk of a change in the asset's value to one or another party, such an allocation of risk is within the trial court's discretion. Trabucco v. Trabucco, 944 N.E.2d 544, 558 (Ind. Ct. App. 2011), trans. denied. In selecting a valuation date, a

7

court may, within its discretion, take into account the roles of the parties in acquiring assets and in contributing to the appreciation of the assets' growth. Bertholet v. Bertholet, 725 N.E.2d 487, 495-96 (Ind. Ct. App. 2000).

What assets are part of the marital pot is governed by our statutes. Property of the marital estate includes:

all the assets of either party or both parties, including:

(1) a present right to withdraw pension or retirement benefits;

(2) the right to receive pension or retirement benefits that are not forfeited upon termination of employment or that are vested (as defined in Section 411 of the Internal Revenue Code) but that are payable after the dissolution of marriage; and

(3) the right to receive disposable retired or retainer pay (as defined in 10 U.S.C. 1408(a)) acquired during the marriage that is or may be payable after the dissolution of marriage.

I.C. § 31-9-2-98(b) (emphasis added).

Interpreting this and predecessor statutes, Indiana courts have held that retirement benefits that accrue during the marriage are subject to distribution as part of the marital estate. Wyzard v. Wyzard, 771 N.E.2d 754, 757 (Ind. Ct. App. 2002). Where a party does not qualify for retirement benefits during the marriage, and where the value of the retirement benefits are contingent upon continued employment, the retirement plan does not qualify as marital property under Indiana's dissolution of marriage laws. In re Marriage of Preston, 704 N.E.2d 1093, 1097-98 (Ind. Ct. App. 1999) (citing I.C. § 31-1-11.5-2, the predecessor statute to current I.C. § 31-9-2-98). As the Indiana Supreme Court has observed, assets acquired after the separation date "are not assets for the purposes of a marriage dissolution" because

8

"[v]ested pension rights represent intangible assets of a spouse [that] have been earned during the marriage, either through the contributions of the spouse [that] otherwise would have been available as assets during the marriage, or through contributions of the employer [that] constitute deferred compensation." Bingley v. Bingley, 935 N.E.2d 152, 156 (Ind. 2010) (citations and quotations omitted). As we have previously held, "[u]nvested pension benefits cannot be included in the marital pot for division," and the current value includes "only the deferred vested pension benefits acquired prior to the final separation date." Hodowal v. Hodowal, 627 N.E.2d 869, 873 (Ind. Ct. App. 1994) (citations and quotations omitted), trans. denied.

Here, the trial court fixed the value of Husband's 401(k) as of Husband's April 2011 liquidation of the asset—more than one year after the March 2010 filing date of the petition to dissolve the marriage. Husband observes that he worked and continued making contributions to the plan from the date of separation until he lost his job in August 2010. The marriage itself was dissolved on October 12, 2010, with questions of custody, parenting time, and property distribution to be resolved later.

Thus, Husband contends that the dissolution court abused its discretion in setting the 401(k)'s value as of April 2011. Husband asserts that it was unclear from the evidence how much of the increase of the retirement plan's value between the March 2010 petition and the April 2011 liquidation had accrued as a result of his contribution of wages, as opposed to appreciation of the assets already in the plan. He directs us to the evidence he submitted to the dissolution court, a 401(k) statement that as of March 6, 2010 reflected a vested value of

9

$13,161.17, and a total value of $21,935.29 as of March 31, 2010. And Husband observes that "comparing the vested value of the pension with the amount Husband actually received, shows the pension grew in value during the fourteen months following the couple's separation." (Appellant's Br. at 14.)

Put another way, Husband asserts that only part of the 401(k) plan's value—that value which had accrued and vested by the date of the petition for dissolution—was property of the marital estate, and the trial court erred as a matter of law when it concluded otherwise.

We agree. Because the dissolution court assessed the value of the 401(k) as of the date of Husband's liquidation more than a year after the dissolution petition was filed, we conclude that the court abused its discretion when it determined the value of the account. We accordingly reverse the trial court in this respect.[2]

### Deviation from Equal Division of Assets under Statutory Presumption

We turn last to Husband's contention that the trial court abused its discretion when it awarded Wife 58% of the single marital asset the trial court deemed substantial, Husband's 401(k) retirement plan.

Our statutes govern the final distribution of marital property:

The court shall presume that an equal division of the marital property between the parties is just and reasonable. However, this presumption may be rebutted by a party who presents relevant evidence, including evidence concerning the following factors, that an equal division would not be just and reasonable:

---

[2] Husband also argues in his briefs that, if the trial court did not err in setting April 2, 2011, as the valuation date for the 401(k), it nevertheless abused its discretion by valuing the retirement plan based upon its ledger value of $26,096.21, rather than the post-tax and -penalty amount of $20,876.97 that Husband received upon liquidation. Our decision today obviates addressing this argument, and we thus decline to do so.

10

(1) The contribution of each spouse to the acquisition of the property, regardless of whether the contribution was income producing.

(2) The extent to which the property was acquired by each spouse:

(A) before the marriage; or

(B) through inheritance or gift.

(3) The economic circumstances of each spouse at the time the disposition of the property is to become effective, including the desirability of awarding the family residence or the right to dwell in the family residence for such periods as the court considers just to the spouse having custody of any children.

(4) The conduct of the parties during the marriage as related to the disposition or dissipation of their property.

(5) The earnings or earning ability of the parties as related to:

(A) a final division of property; and

(B) a final determination of the property rights of the parties.

Ind. Code § 31-15-7-5.

The presumption of equal division of marital property—both assets and liabilities—is rebuttable, and the party seeking to rebut the presumption must bear the burden of proof in doing so. Morgal-Henrich v. Henrich, 970 N.E.2d 207, 211 (Ind. Ct. App. 2012). Decisions on the division of marital property are within the trial court's discretion. McCord, 852 N.E.2d at 43. We presume trial courts to have considered and complied with the relevant statutes. Id. at 43-44. Such decisions are highly fact sensitive; we consider the evidence in a light most favorable to the judgment, and we do not reweigh evidence. Morgal-Henrich, 970 N.E.2d at 211.

Husband argues that the dissolution court's decision to deviate from the statutory presumption was an abuse of discretion because the basis upon which the court rested its decision—Husband's violation of the preliminary order precluding him from disposing of assets—was punitive. That punitive consideration, Husband argues, is contrary to Indiana law.

We disagree. The dissolution court's finding that Husband violated the preliminary order concerning disposition of marital assets is indicative of a conclusion that Husband dissipated marital property by disposing of the funds in the 401(k) plan and spending all of them without notice to Wife or the court. See I.C. § 31-15-7-5(4). Moreover, as the dissolution court observed, Husband's regular wages were, not inclusive of overtime on an as-required basis set forth by Husband's employer, approximately $300 per week greater than Wife's wages. See I.C. § 31-15-7-5(5). Accordingly, we cannot conclude that the dissolution court abused its discretion in entering an order disposing of the sole substantial asset of the marriage—Husband's 401(k) plan—in an unequal manner.

**Conclusion**

We reverse the judgment of the dissolution court with respect to its determination of the amount of the marital debts and the value of the retirement plan. Having found no error in the dissolution court's deviation from the presumed equal division of marital property, we affirm that aspect of the court's order.

Upon remand, we instruct the court to recalculate the marital debts in a manner consistent with our review above. Also upon remand, for purposes of determining the value

12

of the 401(k) for inclusion in the marital pot, we instruct the dissolution court to assess the value of the vested portion of the retirement plan as of the date of the dissolution petition, in accordance with case law, with the determination of the value of any appreciation in that portion of the plan left to the court's discretion.

Affirmed in part, reversed in part, and remanded.

KIRSCH, J., and MAY, J., concur.