## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Sep 25 2015, 9:23 am

Kevin S. Smith

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Zachary J. Stock
Zachary J. Stock, Attorney at Law, P.C.
Carmel, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| M.L.,<br>*Appellant,*<br><br>v.<br><br>M.F. and M.Fu.,<br>*Appellees* | September 25, 2015<br><br>Court of Appeals Case No.<br>33A01-1505-DR-318<br><br>Appeal from the Henry Circuit Court<br><br>The Honorable Mary G. Willis, Judge<br><br>Trial Court Cause No.<br>33C01-0807-DR-59 |

**Bailey, Judge.**

## Case Summary

[1] M.L. ("Grandmother") has custody of the three children of divorced parents

M.F. ("Mother") and M.Fu. ("Father"). Grandmother appeals a child support

order entered upon her petition for child support modification. She presents the sole issue of whether the trial court abused its discretion in determining Father's gross income available for child support. We reverse and remand.

## Facts and Procedural History

[2] In 2012, Grandmother intervened in a custody dispute between Mother and Father and was awarded physical custody of two of the parents' children. The third child was placed in the custody of Father. Father was ordered to pay Grandmother $25.00 weekly as child support.

[3] In November of 2014, Grandmother was awarded the physical custody of the third child. On December 10, 2014, Grandmother filed a petition seeking to modify Father's child support obligation.

[4] On March 18, 2015, Grandmother and Father appeared at a hearing. Grandmother testified that she had entered into a child support agreement with Mother, whose gross income was approximately $500.00 per week. She offered a child support worksheet indicating that Father's weekly gross income was $1,391.00.

[5] Father introduced into evidence a letter from his employer, Carter Express, stating that Father had changed from a full-time employee to a part-time employee, effective February 18, 2015. Father, who holds a commercial driver's license, testified that he "did not dispute" the fact that his average earnings had been $1,391.00 weekly. (Tr. at 6.) He explained that he had

recently elected to become a "casual" employee, so that he could go to family counseling and seek to regain custody of his children. (Tr. at 7.) He also protested that he "can't afford the $179.00 every week that they are asking for" and didn't know "if there is anything that I could do to lower that." (Tr. at 9.) Father subsequently testified that he had the potential of making fifteen to eighteen hundred dollars per week.

[6] The trial court completed a child support worksheet assigning $500.00 weekly gross income to Father and $500.00 weekly gross income to Mother. Father was ordered to pay $143.00 weekly as child support for his three children. Grandmother appeals.

# Discussion and Decision

[7] Grandmother argues that the trial court erred in calculating Father's weekly gross income. Specifically, she contends that the order is inconsistent with evidence that Father had been earning $1,391.00 weekly prior to voluntary underemployment and that he had earning potential of up to $1,800.00 per week.

[8] We initially observe that Father has failed to file an appellee's brief. Under these circumstances, we do not undertake to develop an argument on his behalf, and we may reverse upon Grandmother's prima facie showing of reversible error. *Carter v. Grace Whitney Props.*, 939 N.E.2d 630, 633 (Ind. Ct. App. 2010).

Prima facie error is error "at first sight, on first appearance, or on the face of it." *Montgomery v. Faust*, 910 N.E.2d 234, 237 (Ind. Ct. App. 2009).

[9] Child support calculations are made utilizing the income shares model set forth in the Indiana Child Support Guidelines. *Sandlin v. Sandlin*, 972 N.E.2d 371, 374 (Ind. Ct. App. 2012). Child support is based upon the premise that children should receive the same portion of parental income that they would have received if the parents and children were living in an intact household. *Nowels v. Nowels*, 836 N.E.2d 481, 489 (Ind. Ct. App. 2005). A trial court's decision regarding child support will be upheld unless the trial court has abused its discretion. *Morgal-Henrich v. Henrich*, 970 N.E.2d 207, 212 (Ind. Ct. App. 2012). An abuse of discretion occurs when the decision is clearly against the logic and the effect of the facts and circumstances before the court or if the court has misinterpreted the law. *Id.*

[10] The Indiana Child Support Guidelines define "weekly gross income" to include actual weekly gross income of the parent if employed to full capacity, potential income if unemployed or underemployed, and imputed income based upon "in-kind" benefits. For example, a trial court may impute income to a parent that is voluntarily unemployed or underemployed considering the parent's work history, occupational qualifications, prevailing job opportunities, and earnings levels in the community. *Meredith v. Meredith*, 854 N.E.2d 942, 947 (Ind. Ct. App. 2006).

[11] Here, the trial court's order provided in relevant part:

[Father] recently worked for Carter Express as a driver and earned approximately $1,350 per week. That [Father] testified that he was capable of earning up to $1,800 per week.

That in mid February of 2015, [Father] voluntarily went on part time status with Carter Express and his income became significantly reduced.

That the Court finds that [Father's] potential income is $500 per week and adopts the Court's support calculation which is attached hereto[.]

(App. at 18.)

In light of the trial court's factual findings, Grandmother has established prima facie error. We reverse and remand for calculation of Father's child support obligation consistent with the Indiana Child Support Guidelines.

Reversed and remanded.

Baker, J., and Mathias, J., concur.